## SUPREME COURT.

### John A. Miller agt. James Hughes.

Where an *answer* duly *verified*, states a sufficient defence upon the *knowledge*, *information, and belief* of the defendant, it should not be struck out as *sham*. But this rule should not apply to a statement in the answer of a transaction between the plaintiff and *third parties*, which is *contradicted* by the affidavits of all the parties to the alleged transaction. In such case, the defendant should be required to put in an affidavit of merits, and such other affidavits as would be likely to convince the court of the good faith of the answer.

*Kings Special Term, March,* 1860.

Motion by plaintiff to strike out defendant's answer, setting up the defence of usury, on information and belief, to a promissory note, containing the certificate of defendant that it was business paper.

James Ferguson, *for plaintiff.*
John P. Troy, *for defendant.*

Scrugham, Justice. The answer sets up new matter on information and belief. It is verified. The plaintiff moves to strike it out on the ground that it is sham, irrelevant, or frivolous. I do not think it either irrelevant or frivolous.

Where an answer states a sufficient defence upon the knowledge of the defendant, I think it would be unsafe to strike it out as sham, and especially since the statute allowing parties to be witnesses in their own behalf; for the defendant would be allowed to testify in regard to it on the trial, and if contradicted, a better opportunity of eliciting the truth would there be afforded by the oral examination of the witnesses, than can be had on the hearing of a motion where the evidence is by affidavit.

But where the statement is of a transaction between the plaintiff and third parties, and is made upon information and belief, as in this case, and is contradicted by the affidavits of all the parties to the alleged transaction, and the

very same persons whom the defendant would be obliged to call as his witnesses on the trial, to prove the truth of the statement made in his answer, and which their affidavits deny; a motion to strike out the answer as sham should not be denied, unless, in addition to the verification of the answer, the defendant put in an affidavit of merits, and such additional affidavits as would be likely to convince the court that his answer had been put in in good faith.

The motion is granted with $10 costs.