THE OCEAN NATIONAL BANK OF THE CITY OF NEW YORK, Appellant, *v.* HAMILTON G. FANT, Respondent.

Defendant was sued as indorser upon a note containing a statement that the maker had deposited with the payee certain collaterals with authority to the latter to sell, without notice, in case of non-payment; these collaterals came to plaintiff's hands when it became holder of the note. When payment of the note was demanded of the maker he demanded of the notary presenting it a return of the collaterals, stating his readiness and willingness to pay upon production thereof, the notary did not have them. *Held*, that the demand and refusal were insufficient to charge the indorser; that to constitute a valid demand the collaterals should have been produced, or had in readiness to be surrendered upon payment.

(Submitted November 26, 1872; decided December 3, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of defendant entered upon the decision of the court at circuit upon trial without a jury.

This action was brought against defendant as indorser of a promissory note, of which the following is a copy:

" $3,352.61.

" NEW YORK, *October* 15, 1869.

" On demand I promise to pay to Hamilton G. Fant or order $3,352.61 for value received, with interest at the rate of seven per cent per annum, having deposited with him as collateral security, with authority to sell the same at the brokers' board, or at public or private sale, or otherwise at his option, on the non-performance of this promise and without notice, one land grant bond of the Union Pacific Railroad Company, eastern division, of the par value of $1,000, and four construction bonds, ' series B.' of the said Union Pacific Railroad Company, convertible into the land grant bonds of the same description as the one first named, and all of the par value of $1,000 each, said bonds being deposited with Ocean National Bank.

" JOS. B. STEWART."

The court found that plaintiff, after it was indorsed and before its maturity, and for a valuable consideration, became the owner and holder of the note and of the securities mentioned therein.

That at the request of the plaintiff a notary public, on the fourth day of March, took said note, without the collaterals mentioned therein, to the maker thereof and requested him to pay it.

That the maker demanded the production of the collateral securities mentioned in the note, and informed the notary who presented it that he was ready and willing to pay upon the production of the collaterals, and the maker's refusal to pay was upon the sole ground that the collateral securities were not produced; that thereupon said notary protested the note in the usual form and gave defendant notice thereof.

That said collateral securities were never produced nor offered to be delivered to the maker of said note upon his payment of the same, nor otherwise.

That the maker of the note was entitled to have the collateral securities surrendered to him upon the payment of the note.

That to charge the defendant it was necessary for the plaintiff to produce to the maker of the note the collaterals and the note, and make demand of payment, and that defendant was entitled to judgment dismissing the complaint. Judgment was entered accordingly.

*Dunning, Edsall* and *Hart* for the appellant. The note in suit was simply a negotiable promissory note; its provisions respecting the collaterals did not change or modify its character. (Chitty on Bills, 55; *Cook* v. *Satterlee,* 6 Cow., 108; *Arnold* v. *Rock River Valley R. R. Co.,* 5 Duer, 214.) The demand was good without a tender of the collaterals. (*Bank of Rutland* v. *Woodruff,* 34 Vt. [5 Shaw], 89; *Hale* v. *Rider,* 5 Cushing, 231; *Lewis* v. *Mott,* 36 N. Y., 402; *Strong* v. *Blake,* 46 Barb., 228.)

*E. Sprout* for the respondent.   The maker of the note, on the demand of payment, was entitled to have the collateral securities tendered to him.   (Story on Prom. Notes, §§ 445, 253, 107; Edwards on Bills and Prom. Notes, 503, 504; *Smith* v. *Rockwell,* 2 Hill, 483; *Rowley* v. *Ball,* 3 Com., 303; *Handsald* v. *Robinson,* 7 Barn. & Cress., 90; *Anderson* v. *Heath,* 4 Maule & Sel., 308; Chitty on Bills, 390, marginal paging.)

RAPALLO, J.   The note upon which the defendant is sued, as indorser, contains a statement that the maker has deposited with the payee, as collateral security, certain railroad bonds, with authority to sell them without notice in case of non-payment of the note; and it is found as a fact that these collaterals came to the hands of the plaintiff when it became the holder of the note.

We think that the court below was clearly right in holding that an agreement to restore these collaterals to the maker, on payment of the note, is to be implied from the transaction as stated in the instrument itself, and that the acts should be simultaneous.   The right of the maker to receive these collaterals when he should pay the note stood upon the same footing as his right to the surrender of the note itself; and, laying out of view special cases of lost notes, it is well settled that, to constitute a valid demand, the note must be produced, and ready to be surrendered on payment.   (Story on Prom. Notes, §§ 445, 448, 107; *Smith* v. *Rockwell,* 2 Hill, 482; Edwards on Bills, 503, 504.)

It would be most unreasonable to require the maker to pay such a note in the absence of the collaterals, which frequently consist of negotiable securities, and to trust to his legal remedies against the holder to recover them.

It is found as a fact that, at the time payment of the note was demanded of the maker, he demanded of the notary presenting it a return of the collaterals, and stated that he was ready and willing to pay the note on production of the collaterals; but that the notary did not have them, and the

maker's refusal to pay was on the sole ground that the collaterals were not produced. Without any further demand, and without showing any tender or even the production of the collaterals, ready to be surrendered, the defendant was sued as indorser.

The case contains evidence sustaining the findings, and we think the conclusion was correct that the collaterals, not being produced or in readiness to be surrendered on payment of the note, and the refusal being on that ground alone, the demand and refusal proved were insufficient to charge the indorser.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.