HIRAM ROGERS, Respondent, *v.* ABRAM A. VOSBURGH, Impleaded, etc., Appellant.

In an action upon a promissory note, the answer admitted the making of a note for the amount, and payable at the time of the note set forth in the complaint, but averred that said note, after its delivery to plaintiff, was materially altered by him, without defendant's knowledge or consent, by changing the date thereof from April 1, 1872, to April 1, 1873. This answer was struck out, on motion, as sham and frivolous. *Held* error; that the alteration alleged was material; also, that it was not the province of the court to decide the question of fact raised by the answer, upon mere inspection of the note.

(Argued December 2, 1881; decided December 15, 1881.)

APPEAL from order of the General Term of the Supreme Court, made February 10, 1880, which affirmed a judgment entered upon an order striking out defendants' answer as frivolous and sham, and which affirmed said order; also appeal from judgment entered upon said order of General Term.

This action was upon a promissory note which the complaint alleged was dated April 1, 1872, and was for the sum of $1,000, payable with interest, one year from date.

Defendants' answer admitted the making of a note at the date, for the amount, and payable at the time specified in the complaint, but alleged that after the making and delivery of said note, and before the commencement of this action, the note was materially altered by plaintiff without the knowledge or consent of defendants, by changing the date thereof from April 1, 1872, to April 1, 1873.

*A. Frank B. Chase* for appellant. The defendants' answer set up a good defense, and was not, therefore, frivolous. (*Booth* v. *Powers*, 56 N. Y. 22, 29, 30; *McGrath* v. *Clark*, 3 id. 34; *Meyer* v. *Hunckle*, 55 id. 412; *Benedict* v. *Cowden*, 49 id. 396; Edwards on Bills, etc. [2d ed.] 416; *Taddiken* v. *Cantrell*, 69 N. Y. 597; *First Nat. Bk.* v. *Heaton*, 6 T. & C. 37; *Schwarz* v. *Appold*, 74 N. Y. 307.) The allegation that the alteration on the note was made by the plaintiff

after delivery of the note, without the knowledge or consent of the defendants answering, two of the makers thereof, was sufficient, if proved, to render the note void as to them. (*Meyer* v. *Hunckle*, 55 N. Y. 412, 417 ; *Booth* v. *Powers*, 56 id. 22, 30.) In determining whether or not an answer is frivolous, allegations as to its being false and sham are immaterial, and should not be considered. (Code of Civil Procedure, § 537 ; *Livingston* v. *Hammer*, 7 Bosw. 670 ; *Young* v. *Kent*, 46 N. Y. 672 ; *Munger* v. *Shannon*, 61 id. 251.) If the answer were frivolous, it could not be stricken out; but judgment should have been ordered thereupon, and the answer would remain a part of the record. (*Briggs* v. *Bergen*, 23 N. Y. 162.) The answer could not properly be stricken out as sham. (Code of Civil Procedure, § 538 ; *Wayland* v. *Tysvn*, 45 N. Y. 281 ; *Thompson* v. *Erie R. R. Co.*, id. 468 ; *Farmers and Mech. Bk.* v. *Leland*, 50 id. 673 ; *Schultze* v. *Rodewald*, 1 Abb. N. C. 365 ; *Barnes* v. *West*, 16 Hun, 68 ; *Claflin* v. *Jaroslauski*, 64 Barb. 463 ; *Roby* v. *Hallock*, 7 N. Y. W. Dig. 24 ; *Schwarz* v. *Appold*, 74 N. Y. 307 ; *Maury* v. *Van Arnum*, 1 Hill, 370 ; *Mier* v. *Cartledge*, 8 Barb. 75 ; *Gregg* v. *Reader*, 15 How. Pr. 371.) Assuming the appellant was called upon, on the hearing before the Special Term, to defend the answer of defendants, against the charge that it was sham, the order of the Special Term was wrong, and it should be reversed by this court. (Code of Procedure, § 190, sub. 2 ; *Wayland* v. *Tyson*, 45 N. Y. 282.) It cannot be successfully contended, that the alteration alleged in the answer is immaterial, because the note now is of the same date as it was when originally given, and before the alteration. (*Myer* v. *Hunckle*, 55 N. Y. 419.)

*Collins Sheldon* for respondent. The mere alteration of a note will not make it void. The alteration must be a material one, and must change the legal liability of the maker, or be one which may work to his prejudice. (*Boothe* v. *Powers*, 56 N. Y. 22, 29.) A material alteration of a note will not affect its validity, nor render it void if ratified by the makers. (1 Wait's Actions and Defenses, 473, § 9.) It is wholly a ques-

tion. of delivery, and that is supplied by proof even when payable a certain number of days or months after date. (Edwards on Bills and Promissory Notes, 150, 151.) If the plaintiff had changed the date on April 1, 1873, for the purpose of showing the extension of the payment of the note for another year, as agreed by the parties, through an error as to the right or duty, it would have been a perfectly harmless mistake. (6 Wait's Actions and Defenses, 474, 473, § 6, and p. 487, § 5.) The allegation that the plaintiff does not hold or own the note alleged in the complaint, without alleging title in some other person, is frivolous. (5 Sandf. 646 ; 1 Duer, 255 ; 14 id. 668 ; 22 How. 23.) The new matter set up in the answer, after the admission of the making of the note, is insufficient, and the plaintiff is entitled to a judgment upon the merits. (8 How. Pr. 491 ; Moak's Van Santvoord's Pl. 568, marg. 476.)

Miller, J. The order of the General Term, affirming the order of the Special Term, and striking out the defendants' answer as frivolous and sham and affirming the judgment was erroneous. The defendants' answer set up as a defense, that after the making and delivery of the note the same was materially altered by the plaintiff without the knowledge of the defendants, by changing the date thereof from April 1, 1872, to April 1, 1873. If this was a material alteration, then the defense interposed was valid and legal. It is not necessary to cite authorities to sustain the proposition that an alteration of a note which postpones the time of payment for a year, is a vital one. The question of ratification of the alteration by a subsequent payment is not now before us, and did not arise upon the hearing of the motion. As there is no proof upon the subject, we are not called upon to consider whether, if the alleged alteration was made after April 1, 1875, it could have affected the liability of the defendants under the statute of limitations. The answer was neither frivolous nor sham, and it was not the province of the court, without proof, to decide the question of fact raised by the answer upon a mere inspection of the note upon which the action was brought. The

order and judgment should be reversed and the motion denied, with ten dollars costs of opposing the same, and costs of appeal to the General Term and of this court.

All concur.

Order and judgment reversed, and motion denied.