## City Court.

*Trial Term—June,* 1885.

## BURGESS *against* BROOKLYN CLOCK CO.

The defendant made a promissory note for $1,500 to the order of the Mount Morris Bank. The note recited that the maker had depos-

ited with the payees, as collateral security, Emery E. Child's note indorsed by Burgess & Goddard for $6,180. The plaintiff purchased the note in suit from the payees, and received with it the collateral note, from which they erased the names of the indorsers. *Held,* that the plaintiff was bound to keep the collaterals so as to be able to surrender them, without mutilation or injury, at the trial, and that erasing the name of the indorsers on the collaterals relieved the defendant from liability on the note in suit.

McADAM, Ch. J.—The action is upon a promissory note made by the defendant for $1,500, payable March 2, 1885, to the order of the Mount Morris Bank. The note recites that the maker has deposited with the payees, as collateral security, Emery E. Child's note, indorsed by Burgess & Goddard, for $6,180, dated January 25, 1885, payable six months after date. The plaintiff purchased the note in suit from the payees, and received with it the collateral note, from which he erased the names of the indorsers, Burgess & Goddard. This erasure presents the grounds upon which the defendant resists payment of the note in suit, claiming, as it does, that on paying said note it is entitled to have the collateral returned unmutilated. The mutilation is not pleaded, but the defendant alleges, and on the trial proved, that it has been at all times ready to pay the note in suit upon surrender of the collateral, had frequently offered to pay the same, and that the plaintiff always refused to surrender the collateral on receiving payment of said note. Upon presentation of the collateral in court, the mutilation for the first time appeared, whereupon the defendant raised the objection that on account of such mutilation the plaintiff had incapacitated himself from making the necessary surrender of the collateral on payment of the note in suit, and that in consequence no recovery could be had by the plaintiff. The note in suit was purchased from the Mount Morris Bank on the 6th day of March, 1885, after its maturity, and the plaintiff by his purchase succeeded to the rights of the bank, and acquired no greater privileges. As against

the bank, or the plaintiff as its assignee, the maker of the note was as much entitled to a return of the collaterals, on payment of the note in suit, as it was to have the note in suit returned, and the plaintiff was bound to keep the collateral in readiness to be surrendered on payment (Ocean Nat'l Bank *v.* Faut, 50 *N. Y.* 474; Stewart *v.* Bigler, 98 *Penn.* 80 ; *Jones on Pledges,* § 596; *Colebrooke Collateral Securities,* § 106). In other words, the plaintiff was obliged to hold the collateral faithfully for the purposes for which it was assigned (Burnett *v.* Austin, 81 *N. Y.* 321).

The plaintiff ought to have kept the collaterals in the same condition they were when they were pledged with the Mount Morris Bank, and he certainly had no right to erase and destroy indorsements and discharge liabilities thereon ; on the contrary, the law imposed on the pledgee the duty of presenting the collaterals at maturity and of charging the indorsers, and he impliedly engaged to do so (*Edwards on Bailm.* 2 ed. §§ 240, 241 ; *Colebrooke Collateral Securities,* § 114). The plaintiff offered to prove that the collateral note was made and delivered to the Brooklyn Clock Company to raise money for its benefit, and that its use for other purposes was a diversion ; but the offer was rejected. Goddard is not a party to the record, and is not therefore before the court, and the plaintiff had no right to make a defense for him to the collateral note ; he was a joint indorser with Burgess on that instrument, and had the right to waive any defense he might have had to the note, and might have elected to pay it when called upon to do so. Whether there was or was not a defense by Burgess and Goddard to the collateral note was a question which should have been left until the occasion required that issue to be determined, and the equities of all the parties in respect thereto could then have been appropriately presented and decided.

Upon the case, as it stands, the complaint must be dismissed, with costs.