### Barney *et al. v.* King *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. PLEADING—FRIVOLOUS ANSWER.

A pleading cannot be declared frivolous where argument is necessary to show its weakness.

2. SAME—MOTION TO STRIKE OUT.

Upon a motion to strike out an answer as sham the court cannot go into the determination of evidence procured by plaintiff.

**3. SAME.**
   A verified answer, setting up affirmative defenses, cannot be stricken out as sham.

**4. WAIVER OF APPEAL.**
   The objection that an appeal from an order striking out a pleading as sham has been waived by the service of an amended pleading can only be raised by motion to dismiss the appeal.

Appeal from special term.

Action by Charles T. Barney and Helen T. Barney against John M. King, Frances Webster, and others, brought to foreclose two mortgages, dated February 26, 1889. Defendant Webster appeals from order striking out her answer as sham and frivolous.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Henry Wehle*, for appellant. *Page & Taft*, for respondents.

VAN BRUNT, P. J. It is plain from the argument made in support of the appeal from the order granting motion for judgment upon the ground that the answer was frivolous that it is not so deemed by the respondents' counsel. He has presented the case to the general term as though the appeal was from an order sustaining a demurrer to the answer. The rule is too well settled to need elaboration here that a pleading cannot be declared frivolous where argument is necessary in order to demonstrate its weakness. There is another branch of the case, however, which it is necessary to consider, and that is that part of the order appealed from which strikes out certain portions of the answer as sham. It was settled in the case of *Wayland* v. *Tysen*, 45 N. Y. 281, that no part of a verified pleading can be stricken out as sham. It was held in that case that under the common-law system of pleading an answer pleading a general issue, even although unverified, and shown by affidavits to be false, could not be stricken out as sham; and the reason of the rule is stated to be that this was not upon the ground that a false plea was not sham, but upon the ground that a party making a demand against another through legal proceedings was required to show his right by common-law evidence, and that *ex parte* affidavits were not such evidence. The court further held that under that system the power of striking out unverified pleas setting up affirmative defenses as sham, was exercised when shown by affidavit to be false, but no verified plea was ever so stricken out; and the claim is considered in the case cited that the rule relating to common-law pleading has been changed by the adoption of the Code. But it was there held that it was evident that the legislature, in the passing of the section of the Code in question, only intended to sanction the existing practice, and not to confer any new power upon the court; and the rule is distinctly laid down that the true construction was that the power to strike out pleadings was not extended by the Code beyond that contained in the pre-existing laws; and this was held to extend only to such affirmative defenses as were not verified by the oath of the defendant or other equivalent evidence. The reason of the rule is very apparent, viz., that it is trying the issues upon affidavits. In the case of *Thompson* v. *Railroad Co.*, 45 N. Y. 468, the rule above stated was held to apply to an answer denying material allegations of the complaint; and that an issue raised by a verified pleading cannot be tried upon affidavits is also held in the case of *Rogers* v. *Vosburgh*, 87 N. Y. 228, where the answer alleged in defense to a complaint upon a promissory note an alteration of the date of the note. A motion was made to strike out the answer as sham, which was granted. This was held to be error, and that the alteration alleged was material, and the court could not try that issue upon affidavits or by inspection of the note. In the case at bar there is an attempt to strike out paragraphs of this answer upon the construction of an agreement which is produced by the plaintiff upon this motion and forms a part of the moving papers. Although the defendant may be mistaken in the construction of this agreement, he is not deprived of the orderly method

of trial of the issues which are concededly raised by his answer; and in determining the question as to whether the answer is sham or not, this court cannot go into the interpretation of evidence which may be produced upon a motion of that description. Indeed, many of the allegations which have been stricken out upon this motion raised questions which might be raised under a general issue, and of course could not be stricken out. Upon the whole case it would seem that this was an attempt to try the issues involved upon affidavits which in some respects certainly entirely failed to meet the defendants' case. It has been suggested, and the papers upon another appeal which have been submitted would seem to establish the fact, that an amended answer has been served, and consequently there was a waiver of the present appeal; but no motion whatever has been made to dismiss the appeal upon that ground, and we find nothing in the record on the appeal before us to establish that fact. We do not see how, except upon a motion to dismiss the appeal, any such objection could be taken. The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.