METZGER v. METROPOLITAN EL. RY. CO. BOARDMAN v. SAME. CURRY v. SAME. SAME v. NEW YORK EL. R. CO.

(Supreme Court, General Term, First Department. January 13, 1893.)

1. PLEADING—FRIVOLOUS ANSWER.
    An answer cannot be stricken out on the ground that it is frivolous, where an extended argument or illustration is required to demonstrate its frailty.

**2. SAME—IMPROPERLY STRIKING OUT ANSWER BAD ON DEMURRER.**
An order improperly striking out an answer on the ground that it was friv-
olous cannot be sustained on appeal on the ground that the answer stricken
out would be held bad on demurrer.

Appeal from special term, New York county.

Four actions, as follows: Helena Metzger against the Metropolitan
Elevated Railway Company, Hannah E. Boardman against the Metro-
politan Elevated Railway Company, Edmund J. Curry against the Met-
ropolitan Elevated Railway Company, and Edmund J. Curry against the
New York Elevated Railroad Company. From judgments for plaintiff
in each case, entered on orders striking out the answers as frivolous, de-
fendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

Davies, Short & Townsend, (Julien Y. Davies, Brainard Tolles, and
R. L. Maynard, of counsel,) for appellants.

W. H. O'Dwyer, (Henry D. Sedgwick, Jr., of counsel,) for respondents.

The order below striking out the answers should be affirmed if the court is of
the opinion that the answers were demurrable. Roberts v. Morrison, (1852,) 11
N. Y. Leg. Obs. 60; Griswold v. Loverty, (1854,) 12 N. Y. Leg. Obs. 316; Wesley
v. Bennett, (1857,) 5 Abb. Pr. 498; Martin v. Kanouse, (1855,) 2 Abb. Pr. 327; With-
erhead v. Allen, (1859,) 28 Barb. 661, 668; Bank v. Rogers, 7 Bosw. 494; Whitman
v. Nicol, 38 N. Y. Super. Ct. 528, 534; Rum. Pr. pp. 296, 297.

PER CURIAM. These actions were brought to recover damages
awarded the plaintiffs in proceedings to acquire by condemnation certain
easements for the use of the defendants. The same defense is inter-
posed in each action, and the rule applicable to one is to all. It has
been so long settled by repeated decisions in the court of appeals
(Youngs v. Kent, 46 N. Y. 672; Strong v. Sproul, 53 N. Y. 497; Cook
v. Warren, 88 N. Y. 39) and in this court (Barney v. King, 13 N. Y.
Supp. 685) that a pleading should not be stricken out as frivolous unless
it is so plainly so that neither argument nor illustration is required to
demonstrate its frailty, as to render the further citation of authorities
wholly unneccessary. This rule has become elementary. The learned
counsel for the respondent cites early cases holding that on an appeal
from a judgment entered on such an order it should be upheld if the
court is of the opinion that the pleading stricken out would be held bad
on a demurrer. The cases cited have, in effect, been overruled by the
subsequent cases in the court of last resort and in this court, above
cited, and in many others which might be referred to. It will not do
to have one rule applied upon the hearing of a motion to strike out
a pleading as frivolous, and another on an appeal from the judg-
ment. On the original hearing the motion should not be granted if
argument or illustration is necessary to demonstrate the fact that the
pleading is frivolous, and on appeal the order or judgment will not be
sustained if a long argument is necessary to show the frailty of the
pleading. In support of these judgments the learned counsel for the
respondents presents an argument of 15 pages, which seems to establish
the fact that these cases fall within the rule of practice which has so long
prevailed. We express no opinion as to whether the answers are de-

murrable, but we think the question whether they are or not should have been presented by demurrers, and not by summary motions for judgment on the ground that they are frivolous. The judgment in each case should be reversed, with costs, and the motion in each denied, with $10 costs, with leave to the plaintiffs, on the payment of the costs, to interpose demurrers, if they shall be so advised. All concur.