THE CENTRAL BANK of Rochester, Respondent, *v.* JOHN G. THEIN and Others, Appellants.

*Action on a note — when a bank must apply a deposit of the maker to the payment thereof — motion to strike out an answer as false.*

In an action brought by a bank to recover the amount of a promissory note from the indorser thereof, the verified answer admitted the making of the note and the indorsement thereof, and the transfer of the same to the plaintiff. It alleged that the maker of the note deposited moneys from time to time to the credit of such maker with the plaintiff, and that at the time the note became due the maker had on deposit with the plaintiff an amount more than sufficient to pay such note, and out of which the maker by order directed the plaintiff to pay the same.

The plaintiff moved upon the pleadings and upon the affidavit of its cashier to the effect that such maker did not have a balance to its credit sufficient to pay the note, to strike out the answer as false.

One of the defendants, by affidavit, stated that if the plaintiff had correctly kept its account with the maker of the note, the balance in favor of such maker, as stated in such answer, was correct. Such affidavit also stated, on information and belief, that the plaintiff had erroneously reduced upon its books the balance of the maker, by charging to its account the amount of certain forged checks, and that the answer was interposed in good faith and not for the purpose of delay. The answer was stricken out as false.

*Held,* that if at the time of the maturity of the note the maker had funds deposited with the plaintiff sufficient to pay the same, it was the duty of the plaintiff to charge up the amount of the note to the maker and thus satisfy the same;

That if the balance continued to be adequate to pay such note up to the time the action was commenced, that fact was a defense available to the indorser thereof;

That the defendant's answer set up matter which, if supported by the evidence, constituted a defense to the action;

That the order striking out the defendant's answer as sham was error, and he was entitled to the opportunity of a trial, and to have the facts determined upon evidence in the usual manner.

There may be cases where an answer or defense may be stricken out as sham, when matter is set up in a pleading as a mere pretense in bad faith and without color of fact.

The issues presented by a denial in an answer of material allegations contained in a complaint cannot be disposed of upon a motion to strike out the answer as false or sham.

APPEAL by the defendants, John G. Thein and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 25th day of Sep-

tember, 1893, upon an order of the court striking out the defendants' answer, and also from an order of the Supreme Court made at the Monroe Special Term and entered in said clerk's office on the 25th day of September, 1893, striking out the defendants' answer as false.

The plaintiff by its complaint alleges that the Solidarity Co-operative Clothing Company made its promissory note, of date December 23, 1892, whereby it promised to pay at the banking office of the plaintiff $2,000 to the order of the defendant Thein, three months after its date, and delivered it to the payee; that the note was indorsed by him and the other defendants and before its maturity transferred to the plaintiff. That when it became due, the note was duly presented at the place where payable, payment thereof demanded and refused, and due notice of such presentment, demand, refusal and protest was given to the defendants.

The defendants by their answer admitted the making and indorsement of the note, as alleged in the complaint, and the transfer of it to the plaintiff. They further alleged that the company, the maker of the note, deposited moneys from time to time to its credit in the plaintiff's bank, and that prior to and at the time the note became due, there remained of the amount of the moneys so deposited $2,203.59 in the possession of the plaintiff, and that on March 25, 1893, the maker of the note by order directed the plaintiff to pay and apply $2,000 of the amount so remaining with the plaintiff of the money so deposited, upon and in payment of the note.

And they " deny each and every allegation in said complaint contained, not hereinbefore specifically admitted, modified or explained."

The plaintiff's motion was made upon the pleadings, and an affidavit of the cashier of the plaintiff to the effect that the co-operative company did not have a balance to its credit with the plaintiff sufficient to pay the note, and it so appeared by a statement of the account set forth in the affidavit. One of the defendants by his affidavit stated that if the plaintiff had correctly kept the account with the co-operative company, the balance as stated in the answer would have been represented by it. The affidavit also stated on information and belief that the plaintiff had erroneously reduced upon its books the balance of the company by charging to its account the amount of checks forged by one Adler. And further, that the

answer was interposed in good faith and not for the purpose of delay.

The answer was stricken out as false.

*Forsyth & Brothers*, for the appellants.

*Hubbell & McGuire*, for the respondent.

BRADLEY, J. :

The allegations of the answer are to the effect that the plaintiff had of the amount of the funds deposited by the maker of the note, at the time of its maturity, sufficient to pay it. If that were so it was the duty of the plaintiff to charge up the amount of the note to the maker, and thus satisfy it. (*Ætna National Bank* v. *Fourth National Bank*, 46 N. Y. 82–88; *Indig* v. *National City Bank*, 80 id. 100–106; *Robarts* v. *Tucker*, 16 Ad. & El. [N. S.] 560–578.) And if the balance continued to be and was adequate to pay the note up to the time this action was commenced, that fact was then a defense available to the defendants as indorsers of the paper, assuming, as we must, that the maker was primarily liable, as between it and the defendants, to pay the note.

The defendants by their answer, therefore, did set up matter which, if supported by evidence, might constitute a defense, and the note be treated as paid. Whether it was demurrable for want of allegation to the effect that the balance due the maker in his bank account with the plaintiff sufficient to satisfy the note at maturity was permitted and did still remain there, it is unnecessary to inquire or determine for the purpose of the question here. The defendants' answer was duly verified, and the affidavit in opposition to the motion was contradictory of that on the part of the plaintiff, and contained the statement that the answer was put in in good faith, and not for purposes of delay.

In such case it is quite well settled that an answer containing matter of affirmative defense will not be stricken out as sham, but that the party alleging it is entitled to the opportunity of a trial, and to have the fact determined upon evidence in the usual manner. (*Webb* v. *Foster*, 13 J. & S. 311; *Henderson* v. *Manning*, 5 N. Y. Civ. Proc. Rep. 221; *Barney* v. *King*, 37 N. Y. St. Repr. 533–535; *Rogers* v. *Vosburgh*, 87 N. Y. 228.)

There may be cases where an answer or defense may be stricken out as sham. This was within the contemplation of the Code. (§ 538.) But as has been elsewhere said, it is applicable to matter set up in a pleading as mere pretense, in bad faith and without color of fact. (*Farnsworth* v. *Halstead*, 18 N. Y. Civ. Proc. Rep. 227.) And in *Barney* v. *King* it was held that it did not apply to matter of defense in a verified answer.

The allegations of affirmative defense in the answer in the present case may be false, but that question is not triable by or to be determined upon conflicting affidavits without infringing the defendants' right to trial by jury.

While the allegations in the answer tending to specifically deny the service and receipt of notice of presentment of the note and of demand and default in payment are not sufficient to put the due service of such notice in issue, the defendants do not expressly admit the service of it, nor do they admit the allegation of the complaint that the note was presented at the place where payable and payment demanded and refused. This was an essential allegation as against the defendants. And the latter allegation at least seems to come within the denial made by the answer of the defendants. The issue presented by denial, in an answer of material allegations in the complaint, cannot be disposed of on a motion to strike out the answer as false or sham. (*Wayland* v. *Tysen*, 45 N. Y. 281; *Robert Gere Bank* v. *Inman*, 51 Hun, 97.)

If these views are correct the order should be reversed, the motion denied and the judgment set aside.