(19 Misc. Rep. 698.)

## BALLOU v. MANHATTAN REAL–ESTATE & LOAN CO.

(Supreme Court, Trial Term, Oneida County. March, 1897.)

BUILDING ASSOCIATIONS—WITHDRAWAL OF SHARES.
   The holder of matured shares in a building and loan association is not entitled to payment on withdrawal unless he surrenders his certificate.

Action by Walter Ballou against the Manhattan Real-Estate & Loan Company on a certificate issued by defendant. Complaint dismissed.

Walter Ballou, in pro. per.
John Edward Ruston and W. A. Matteson, for defendant.

HISCOCK, J. July 1, 1894, the defendant issued to the plaintiff its certificate (class B, series 7) for five shares of the matured value of $500, whereby it certified, in substance, that plaintiff was the owner of five of its shares, having the matured value of $100 each, issued subject to its articles of association, and transferable on the books only after written assignment and surrender. Article 17 of its articles of association provided, in substance, that any shareholder might after six months withdraw, from any fund which might be on hand applicable to such purposes, one or more of his unpledged·installment shares not in arrears and not pledged for loans, by giving the secretary sixty days' notice in writing, when he would be entitled to receive after one year the amount paid as monthly dues, with such rate of interest as might be determined by the board of directors. It was and is undisputed that plaintiff commenced paying upon said certificate July 1, 1894, and had continued so to do upon the 1st of each month thereafter, making in all 25 payments, aggregating $75, and that the rate of interest which he was entitled to recover, if at all, was 4 per cent. Said article above referred to further provided that from payments to shareholders upon withdrawal should be deducted any losses chargeable against said shares and all fines, etc., thereon, and that no greater sum of money than 30 per cent. of the dues received

in any one month in any series should be applicable to the payment of withdrawing members in that series, without the consent of the board of directors; that withdrawing members should be paid in the order in which their notices of withdrawal should be filed with the company.   Plaintiff's complaint bases his right of recovery upon the certificate, and does not contain any reference to the articles of association from which quotation is made as above, unless reference thereto is to be inferred from the wording of the certificate.

It is urged by defendant that plaintiff's complaint so based upon and restricted to the certificate, and which certificate upon its face does not show any right to recover such as is urged here, does not allow him to prove the article of association above quoted, allowing a recovery by way of withdrawal before the maturity of the certificate; also, that, if his complaint be treated as so amended as to allow him to prove said article, then the burden rested upon him, as part of his case, to prove the existence of funds, and the existence of the conditions under said article allowing him to recover herein, and that he has not given any such proofs.   This last contention, of course, involves the question whether the burden rested upon plaintiff to prove as part of his case that the conditions existed permitting his recovery, or whether it rested upon defendant, as part of its case and defense, to show that they did not exist.   The evidence and arguments of the defendant, however, present another question, the disposition of which seems to me to lead to a determination of this case against plaintiff, and to render unnecessary the consideration of any other issues.   The plaintiff's notice of withdrawal, which concededly was necessary to enable him to recover herein, was given by mailing the same from Booneville, where he lived, to defendant's office (and only place of business so far as the evidence shows), in New York City.   The questions whether it was incumbent upon plaintiff to make a formal demand for the money at the end of the 60 days' notice provided for, and for that purpose to present himself personally or through agent at the office of the defendant, thus enabling it to give him the money, if he was entitled thereto, instead of mailing or sending it to him, are probably waived by defendant's postal card, written after the expiration of the notice, whereby it offered to send him a check.   This offer, however, was coupled with the request that plaintiff send defendant his certificate duly assigned to it.   This he did not do.   Neither voluntarily when he gave his notice of withdrawal, nor subsequently in answer to its request, nor ever, did plaintiff exhibit or produce or offer to surrender to defendant the certificate issued to him, and upon which he bases his right to recover.   He did not, even by his complaint, offer to bring it into court for surrender and cancellation.   This certificate apparently carries the ordinary rights attached to a certificate of stock, and, undoubtedly, in the hands of a bona fide transferee for value, would be free from latent equities between the parties.   Knox v. American Co., 148 N. Y. 441, 454, 42 N. E. 988.

It would seem to be entirely reasonable and proper that plain-

tiff, in connection with his demand upon defendant for payment of money under the certificate, at least after its express demand therefor, should produce and surrender his certificate. Defendant, upon making payment under certificates of this character, ought to be entitled to have them surrendered as vouchers for the payment, and as protection against any annoyance or further liability which might ensue from their passage into the hands of the subsequent assignees without notice. That it is and was so entitled to have plaintiff produce and surrender his certificate in connection with and as a condition of the payment to him of the moneys claimed herein is well established. Bank v. Fant, 50 N. Y. 474; Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. 482; Bailey v. Buchanan Co., 115 N. Y. 297, 22 N. E. 155.

Complaint dismissed, with costs.