a less amount, to be used to endow a bed in perpetuity. *Held*, that the testatrix probably intended the bequest to be used to maintain a free bed, and the hospital could receive it, if willing to so use it.

In the matter of the administration of the estate of Mary C. Johnes, deceased, on settlement of the account of the United States Trust Company, executor.

Edward W. Sheldon, for accounting trustee.
Charles E. Miller, for New York Foundling Asylum.
Wilson M. Powell, for Society of New York Hospital.
James E. Kelly, special guardian.

FITZGERALD, S. As incident to the distribution to be made upon the judicial settlement of the accounts of the executor of the will or the decedent, a question as to the effectiveness of the bequest contained in the sixth clause of her will is raised. That clause is as follows: "I give and bequeath to the New York Hospital, now located on West Fifteenth street, in the city of New York, the sum of five hundred (500) dollars, to be used to endow a bed in said institution in perpetuity." The by-laws and ordinances of the hospital make provision for the endowing of beds and the enjoyment of certain rights and privileges by any person making a contribution for the purpose of such endowment, where the amount contributed shall not be less than $5,000. In this case the testatrix manifestly could not have had in mind, in making the gift in question, the by-laws and ordinances referred to, and could not have intended any such endowment as they provide for. It does not appear that the testatrix was aware of their requirements or of their existence, much less of the privileges and advantages inuring to the donor of a contribution made in conformity to them. She probably made the gift in question in entire ignorance of the by-laws and ordinances, and with the object of making, or contributing towards the making of, a provision for the maintenance of a free bed by the hospital. It is extremely improbable that she would think that the bequest which she had made would of itself be sufficient for, or be accepted by the donee as sufficient for, the maintenance of a free bed for the length of time contemplated by the bequest. It is more likely that the testatrix intended that her gift should be used in connection with funds of the legatee already appropriated, or which it is in the habit of appropriating, or is willing to appropriate, to the purposes which she had in view; that is, the maintenance of a bed or beds for the sick free of charge. If the legatee is willing to accept and apply the legacy for that purpose, I see no valid objection to its right to receive it. See Hayden v. Hospital, 64 Conn. 324, 30 Atl. 50.

Decreed accordingly.

---

## WESTERVELT v. MORRELLE.

### (City Court of New York, General Term. March 6, 1899.)

LEASE—SHAM PLEADING.
> In an action to recover rent under a written lease, an answer admitting execution of the lease and alleging cancellation and rescission, with a counterclaim, is not a sham pleading.

Appeal from special term.

Action by Annie H. Westervelt against Elizabeth T. Morrelle. From an order striking out an answer as sham, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

J. J. Karby Kennedy, for appellant.

Chas. S. Clark, for respondent.

PER CURIAM. Appeal from an order striking out an answer as sham. The action was brought to recover rent under the terms of a written lease. The answer admits the making of the lease, and alleges the cancellation and rescission thereof, together with a counterclaim for $150. The affirmative issues thus raised cannot be stricken out as sham. Sham issues in this connection are synonymous with false issues, and to strike them out as sham would be to dispose of the merits on a motion. Wayland v. Tysen, 45 N. Y. 281; Miller v. Hughes, 21 How. Prac. 442; Webb v. Foster, 45 N. Y. Super. Ct. 311; Farnsworth v. Halstead (Sup.) 10 N. Y. Supp. 763; Barney v. King (Sup.) 13 N. Y. Supp. 685. Order appealed from reversed, with costs.