SCHLESINGER v. WISE et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. PLEADINGS—SHAM ANSWERS—MOTIONS TO STRIKE.

Denials in an answer which raise an issue as to any of the material allegations in the complaint cannot be stricken out as sham, but the issues so raised must be disposed of by a trial.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 1121.]

2. SAME—DENIALS OF ANSWER—INCONSISTENCY OF AFFIRMATIVE DEFENSE.

Defendant may plead inconsistent defenses, and denials in his answer put plaintiff to his proof, although they are inconsistent with an affirmative defense which is also pleaded.

3. SAME—SHAM DEFENSES—RIGHT TO STRIKE.

An affirmative defense contained in an answer cannot be stricken out as sham on affidavits, although inconsistent with denials contained in the answer.

4. PLEDGES—REFUSAL TO RETURN—RIGHTS OF PLEDGOR.

Where a party delivers to the holder of a note personal property as collateral security for its payment a refusal to return the collateral is a justification for nonpayment of the note.

Appeal from Special Term, New York County.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

A. H. Parkhurst, for appellant.
George W. Glaze, for respondent.

McLAUGHLIN, J. The defendant appeals from an order striking out as sham his amended answer. The action is upon a promissory note for $2,500. Paragraph 2 of the complaint sets out the appointment of the plaintiff as receiver of the Federal Bank; paragraph 3, a copy of the note, and alleges same was executed by the defendant Benjamin S. Wise; paragraph 4, that at the time of the making of the note and prior to delivery to the bank the defendant Leonora Wise indorsed the same in blank; paragraph 5, that she did so for the purpose of giving credit to said note and charging herself as first indorser thereon; paragraph 6, that prior to the maturity of the note it was indorsed by the maker in blank—the same being payable to his order—and delivered to the bank, which, upon the credit of the indorsements thereon, duly discounted the same in due course, and for value; paragraph 7, that at maturity said note was presented for payment, and payment thereof then and there demanded, but that the same was not paid, whereupon the note was duly protested for nonpayment at a cost to the bank of

$1.25, due notice of which was given to the defendant. The answer denied that plaintiff became and still is the owner and holder of the note, as alleged in paragraph 2 of the complaint; and further denied all the allegations contained in paragraphs 5 and 6, and denied any knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7. It also set up a separate and distinct defense, and what is termed an equitable counterclaim to the effect that at the time of the making and delivery of the note another note for $5,350 was executed by Benjamin S. Wise, and delivered to the bank as collateral security for the payment of the note sued on; that the defendant, prior to the commencement of the action, had offered to pay the note in suit, provided the collateral was returned to him; and that he then demanded its return, which was refused. He asks for a judgment that the plaintiff, upon being paid the amount of the note in suit, with accrued interest, be adjudged and required to deliver the collateral to the defendant.

The order appealed from must be reversed. The answer, which was verified, put in issue material allegations of the complaint. It is proper in form, and raises an issue which cannot be determined on motion to strike out. It has long been the settled law of this state that in an action either at law or in equity, where the answer raises an issue as to any of the material allegations in the complaint, that issue can only be disposed of by a trial, and that a denial in an answer which raises such an issue cannot be stricken out as sham. This was settled in Wayland v. Tysen, 45 N. Y. 281; Thompson v. The Erie R. R. Co., Id. 468. In the latter case the court said:

"We have held in Wayland v. Tysen * * * that a verified answer which interposes a general denial to the complaint is tantamount to a plea of the general issue under the former system of practice at law; that such answer gives to the defendant the right to require the plaintiff to establish by proof all the material facts necessary to show his right to a recovery; and that it cannot be stricken out as sham, although shown by affidavits to be false. This was not upon the ground that a false plea was not sham, but upon the ground that a party making a demand against another through legal proceedings was required to show his right by common-law evidence, and that ex parte affidavits were not such evidence."

Whenever the question has since been presented, the decisions cited have been followed, so far as I have discovered. It has uniformly been held in this court that, where a material allegation of the complaint is denied by the answer, such denial cannot be stricken out as sham. Howe v. Elwell, 57 App. Div. 357, 67 N. Y. Supp. 1108; Mutual Life Ins. Co. v. Toplitz, 58 App. Div. 188, 68 N. Y. Supp. 680; Reese v. Walworth, 61 App. Div. 65, 69 N. Y. Supp. 1115; Alexander v. Aaronson, 65 App. Div. 174, 72 N. Y. Supp. 640; Ginnel v. Stayner, 71 App. Div. 540, 75 N. Y. Supp. 887; Hopkins v. Meyer, 76 App. Div. 365, 78 N. Y. Supp. 459.

Criticism is made that the denials in the answer are inconsistent with the separate defense pleaded, but there is nothing in the Code which prevents a party introducing inconsistent defenses. Sheldon v. Heaton, 78 Hun, 50, 29 N. Y. Supp. 275; Goodwin v. Wertheimer, 99 N. Y. 149, 1 N. E. 404; Societa Italiana v. Sulzer, 138

N. Y. 468, 34 N. E. 193. A denial of material allegations in the complaint puts the plaintiff to his proof, even though there be allegations in an affirmative defense which conflict with the denial. Central Bank v. Thein, 76 Hun, 571, 28 N. Y. Supp. 232. A counterclaim cannot be stricken out as sham. Baums Castorine Co. v. Thomas, 92 Hun, 1, 37 N. Y. Supp. 913. Indeed, there was nothing before the court which authorized it to determine whether the allegations of the answer setting up the alleged counterclaim were true or false. Not a single fact is alleged from which it could be determined. As already said, the answer denied material allegations of the complaint and set up an affirmative defense. The denials put plaintiff to his proof, and the affirmative defense could no more be stricken out as sham on affidavits than could the complaint. Webb v. Foster, 45 N. Y. Super. Ct. 311. If the separate and distinct defense pleaded did not, in the opinion of plaintiff's counsel, constitute a defense, then he could have it disposed of by demurrer; but the law seems to be well settled that, where a party delivers to the holder of a note personal property as collateral security for its payment, when the note is paid the collateral security must be returned, and the refusal to return it is a justification for nonpayment of the note. Bank v. Fant, 50 N. Y. 474; Robertson v. Sully, 2 App. Div. 160, 37 N. Y. Supp. 935.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

### SCHLESINGER v. WISE.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

A. H. Parkhurst, for appellant.
George W. Glaze, for respondent.