**54** NATIONAL BANK OF ROCHESTER *v.* ERION-HAINES REALTY CO.

Fourth Department, May, 1925. [Vol. 213

———————

THE NATIONAL BANK OF ROCHESTER, Appellant, Respondent, *v.* ERION-HAINES REALTY COMPANY and Others, Respondents, Appellants.

Fourth Department, May 6, 1925.

**Bills and notes — action by indorsee against maker and indorsers — defense that plaintiff holds bond and mortgage as collateral and that maker offered to pay if plaintiff would discharge bond and mortgage — demand in answer for judgment that plaintiff holds bond and mortgage as collateral and that upon payment bond and mortgage be declared null and void or delivered up with discharge — plaintiff has right to maintain action against maker without demand, protest or offer to surrender collateral — answer does not plead tender — proper practice to secure surrender of collateral is to plead counterclaim under Civil Practice Act, §§ 261 and 266 — said defense construed as counterclaim though not so labeled.**

An indorsee of a promissory note and assignee of a bond and mortgage as collateral may maintain an action against the maker without demand, protest or offer to deliver up the bond and mortgage.

In an action by the indorsee against the maker and indorsers, it is not a defense that the maker offered to pay the note if the indorsee would discharge the bond and mortgage, for the allegations do not amount to a plea of tender.

The proper practice where a bond and mortgage is held by an indorsee as collateral security for the payment of a promissory note is for the maker to interpose a counterclaim under sections 261 and 266 of the Civil Practice Act, setting up the facts and demanding that upon payment of the amount due, the indorsee be required to deliver up the collateral.

Although the defense pleaded by the maker is not labeled as a counterclaim it will be so construed, since it appears that not only are the facts properly pleaded, but the maker demands affirmative relief to the effect that upon the payment of the note the bond and mortgage be declared null and void or that the plaintiff be directed to deliver up the same with the proper discharge.

CROSS-APPEALS by the plaintiff, The National Bank of Rochester, and by the defendants, Erion-Haines Realty Company and others, from certain parts of an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 28th day of November, 1924.

The plaintiff appeals from so much of said order as denies its motion to strike out the third defense from defendants' answer, and

to direct summary judgment for the plaintiff. The defendants appeal from so much of said order as strikes out certain parts of the answer.

*Hubbell, Taylor, Goodwin & Moser* [*Clarence P. Moser* and *Raymond Bentley* of counsel], for the plaintiff.

*William J. Maloney,* for the defendants.

HUBBS, P. J.:

This is an action to recover upon a promissory note. The answer admits certain allegations of the complaint, denies others and pleads certain defenses. The third defense alleges in substance that, by an arrangement the details of which it is not necessary to recite, a real estate bond and mortgage were given to the plaintiff's assignor as security collateral to the note in question; that the plaintiff holds said bond and mortgage; that the defendants offered to pay the note upon which the action has been brought if the plaintiff would discharge the mortgage which it holds as collateral. The answer prays that it be adjudged that the plaintiff holds said bond and mortgage as collateral to said note and that upon payment of the note with interest the said bond and mortgage be declared null and void or that the plaintiff be directed to deliver up the same with a proper discharge.

The plaintiff has the right to maintain the action as against the maker of the note without demanding payment and offering to surrender the collateral. (*De Cordova* v. *Barnum,* 130 N. Y. 615; *Field* v. *Sibley,* 74 App. Div. 81; affd., 174 N. Y. 514; *Jenkins* v. *Conklin,* 146 App. Div. 301; *Spencer* v. *Drake,* 84 id. 272; *First National Bank of Seattle* v. *Gidden,* 175 id. 563; affd., on opinion in App. Div., 225 N. Y. 698.)

The defendant George C. Haines, who in form is an indorser, is in fact a maker. The answer alleges that the note was given to secure his indebtedness. It was not necessary as to him that the note be protested. (*Union Bank* v. *Sullivan,* 214 N. Y. 332; Neg. Inst. Law, § 140.) The defendant Beda H. Haines is an indorser and to make her liable the note must have been duly presented for payment and properly protested. The complaint alleges that it was so presented and protested but that is denied in the answer. Upon that issue the burden of proof is on the plaintiff and the denial in the answer raises an issue of fact. (*Commercial National Bank* v. *Zimmerman,* 185 N. Y. 210.)

If it be determined that the plaintiff holds the bond and mortgage solely as collateral to the note in question and that no one else has an interest in it, the defendant Beda H. Haines, who is only liable as an indorser, may be relieved if the collateral was not present

**56** National Bank of Rochester *v.* Erion-Haines Realty Co.

Fourth Department, May, 1925. [Vol. 213

when demand of payment was made. (*Ocean National Bank of New York* v. *Fant*, 50 N. Y. 474.) We do not pass upon that question as it is not here for determination, and it is only mentioned because it may become material.

The answer cannot be held to plead a tender. An allegation of an offer to pay if the plaintiff would cancel the mortgage does not plead a tender. (*Halpin* v. *Phenix Insurance Co.*, 118 N. Y. 165, 178.)

The answer alleges facts which raise an issue as to whether the plaintiff is a holder in due course. If the plaintiff is not a holder in due course and for value, then any equities existing in favor of the defendants as against the payee of the note are available against the plaintiff, and testimony to the effect that the payee named in the note received the bond and mortgage as collateral to the note would be competent.

The serious question here is whether the third defense, so called, set up in the answer is in such form that the defendants may avail themselves of it. As has been stated, the holder of a note, with collateral to secure it, may sue on the note, at least against the maker, and it is no defense to the maker that there has not been a tender of the collateral. In such a case, the maker is entitled to the collateral upon payment of the amount due. How is he to get it? Certainly not by pleading as a defense that he offered to pay if the holder would surrender the collateral, for that is not a defense unless a legal tender be pleaded, and then it is only a partial defense. A tender does not pay the debt. It only has the effect of stopping interest and costs, and makes the holder liable for damages if any are suffered by the debtor by reason of the holder's refusal to accept the tender.

The proper practice is to set up the facts as a counterclaim, under sections 261 and 266 of the Civil Practice Act, and pray that upon payment of the amount due the plaintiff be required to deliver up the collateral. (*Schlesinger* v. *Wise*, 106 App. Div. 587.)

In the so-called third defense in the answer, facts are alleged which, when liberally construed, constitute such a counterclaim. There is also a demand for affirmative relief, which is not proper in an affirmative defense. If the so-called third defense had been labeled a counterclaim, it would be in proper form and could not be stricken out on motion. (*Schlesinger* v. *Wise, supra.*) We think it may be treated as a counterclaim although not so denominated in the answer.

" No particular form of words is necessary if it clearly appears from the answer that it was intended to set up a personal claim against the plaintiff." (*Cable Flax Mills* v. *Early*, 72 App. Div. 213;

*McCrea* v. *Hopper*, 35 id. 572; affd., 165 N. Y. 633; *National Gum & Mica Co.* v. *MacCormack*, 124 App. Div. 569, 577; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285.)

There are decisions which state a different rule and require a counterclaim to be labeled as such. Under the more liberal practice inaugurated by the Civil Practice Act, we think that it is not necessary to so label it if proper facts are stated with a prayer for affirmative relief. If the answer does not designate the facts pleaded as a counterclaim, the plaintiff may rebut the testimony offered by the defendant without serving a reply. (*American Guild of Richmond* v. *Damon*, 186 N. Y. 360.) It is undoubtedly the better practice to denominate the counterclaim as such, as the plaintiff is then required to reply. (Civ. Prac. Act, § 272.)

It is urged that the facts alleged in the third defense, so called, cannot be established under the rules of evidence. That question cannot be determined upon this appeal.

The learned court at Special Term properly refused to strike out the so-called third defense and to grant the plaintiff judgment on the pleadings.

It was clearly proper to strike out those parts of the answer which were struck out at Special Term.

It may be that the makers of the bond and mortgage, which the defendants alleged were pledged as collateral to the note in question and which the defendants claim to now own, should be made parties to this action, in order to afford protection to the plaintiff if it should be adjudged that the defendants are entitled to the collateral upon payment of the note. If so, they may be brought into the action under the provisions of the Civil Practice Act.

The order appealed from should be affirmed, without costs.

CLARK, DAVIS, SEARS and CROUCH, JJ., concur.

Order affirmed, without costs of this appeal to either party.