RESIDENCE FUNDING COMPANY, INC., Plaintiff, *v.* CHARLES F. FRANCIS and Others, Defendants.

Municipal Court of Syracuse, September 29, 1933.

*Hancock, Dorr, Kingsley & Shove* [*H. Paul Nelligan* of counsel], for the plaintiff.

*W. Irving Francis*, for the defendants.

RYAN, J. W. Irving Francis and Howard W. Clasen defend on the ground that they were accommodation indorsers and received no notice of protest. While the note was protested, it is conceded that the last named defendants did not receive notice of protest.

Plaintiff contends the note was made for the accommodation of all the defendants, and the indorsers had no reason to expect that it would be paid if accepted.

I am obliged to find that plaintiff's contention is correct and that sections 140 and 186 of the Negotiable Instruments Law are applicable.

The defendants became indebted to plaintiff's assignor, Wilson and Green Lumber Company, for material furnished in remodelling a house, a bond was subsequently given signed by all the defendants and later an action was commenced on the bond.

In order to obtain time and effect a discontinuance of the action, a note was made by Charles F. Francis and indorsed by the two defendants who are now defending, which note was renewed and transferred to plaintiff and is the subject of this action. The defendant indorsers knew that Charles F. Francis was out of work and that they would be obliged to take care of the note. By reason of the circumstances no notice of protest was necessary. The note was made for the accommodation of all the defendants and for an indebtedness incurred by all of them. (*Union Bank* v. *Sullivan,* 214 N. Y. 332; *National Bank of Rochester* v. *Erion-Haines Realty Co.,* 213 App. Div. 54; *Mount Vernon Trust Company* v. *McAlamney,* 224 id. 663; *Witherow* v. *Slayback,* 158 N. Y. 649; *Haddock Blanchard Co.* v. *Haddock,* 192 id. 499.)

It is always competent to give oral evidence on the question of consideration of a written instrument, and the nature of liability of indorsers. (*Witherow* v. *Slayback,* 158 N. Y. 649; *Thomas* v. *Scut,* 127 id. 133; *Haddock Blanchard Co.* v. *Haddock,* 192 id. 499; *Wittemann* v. *Sands,* 238 id. 434.)

The evidence is scarcely disputed that the note in question was made for the accommodation of defendants W. Irving Francis and Howard W. Clasen and that they are in fact makers and are, therefore, liable without the service of notice of protest.

Judgment for plaintiff in the sum of $901 and costs.