In the Matter of the Estate of ADOLPH ARBER, Deceased.

Surrogate's Court, New York County, June 8, 1934.

*Pfeiffer & Crames* [*Alexander Pfeiffer* and *George L. Livingston* of counsel], for the executors.

*Henry F. Wolff* [*Thomas J. O'Reilly* of counsel], for the Mount Sinai Hospital.

DELEHANTY, S. The will of deceased in its seventh paragraph provided: " I give and bequeath unto the Mount Sinai Hospital of the City of New York, the sum of Seven thousand five hundred ($7,500.) Dollars to endow three beds, one in memory of my deceased wife Charlotte Arber, one in memory of my deceased daughter Mary Arber, and one in memory of me." The executors ask construction of this paragraph in the light of the conceded fact that the rules of Mount Sinai Hospital require a contribution of $7,500 for the endowment of a single bed. The executors contend that in these circumstances the legacy fails because conditional and because the beneficiary cannot perform the condition. The hospital contends that the legacy is valid and declares its intention to endow one bed in memory of the three persons named in the paragraph.

There is no condition attached to the legacy. A purpose is stated, it is true, but no forfeiture is involved in the text of the will because the purpose cannot be fully carried out.

The case of *Allegheny College* v. *National Chatauqua Co. Bank* (246 N. Y. 369) is not here applicable. There is exact precedent for the ruling here made. (*Matter of Johnes*, 25 Misc. 643.) (See, also, *Corporation of the Chamber of Commerce* v. *Bennett*, 143 id. 513.)

Submit decree holding that the legacy in question is a valid and unconditional gift to Mount Sinai Hospital.