BESSIE LITTMANN, Respondent, v. AL GOLDSTEIN, Defendant, Impleaded with IRENE GOLDSTEIN, Appellant, and LEWIS G. LITTMANN, Impleaded Defendant.

(Consolidated Actions.)

First Department, December 23, 1938.

*Norman Handel* of counsel [*Samuel Gutterman* with him on the brief; *Leight & Neckritz*, attorneys], for the appellant.

*H. Russell Winokur* of counsel [*Murray A. Rossen* with him on the brief], for the respondent.

MARTIN, P. J. The plaintiff has recovered a judgment against the appellant as the indorser of a note made by her husband, notwithstanding plaintiff's proof was inadequate to establish presentment and demand for payment. Because of such failure of proof the judgment must be reversed.

The fact of presentment having been put in issue, the burden of establishing the same rested upon the plaintiff. (Neg. Inst. Law, § 130; *Commercial Nat. Bank* v. *Zimmerman,* 185 N. Y. 210; *National Bank of Rochester* v. *Erion-Haines Realty Co.,* 213 App. Div. 54.) For proof of presentment the plaintiff relied entirely upon the testimony of the notary, the notice of protest and entries in the notary's book. The notary, however, admitted that he did not personally present the note but testified that the note had been given to a messenger employed by the bank for presentation; he had no personal knowledge that it actually had been presented by the messenger. The notice of protest put in evidence was merely a form of notice, it was not even a copy of the one alleged to have been sent and had no bearing upon the issue of presentment. In so far as the entries in the notary's book are concerned, while these were admissible under section 374-a of the Civil Practice Act, any weight they might have was destroyed by the testimony elicited on cross-examination of the notary to the effect that he had no personal knowledge of actual presentment.

In *Goldman Plumbing & Heating Corp.* v. *Nesbit* (149 Misc. 606) it was said: " When an affidavit of non-receipt of notice of presentment and dishonor is filed by an indorser, the certificate of protest is not admissible under section 368 of the Civil Practice Act, but if it is kept as a bank record it would appear admissible under section 374-a of the Civil Practice Act. It then becomes some evidence of the facts stated therein. But when, as here, the notary who made it, testifies that he did not personally present the note, the certificate that the note was presented is hearsay and without probative force. Whether notice was given is, therefore, in this case academic, because notice of something proved not to have occurred is futile."

The above opinion by the Appellate Term, First Department, concisely sets forth the law on the subject.

The judgment against the appellant should be reversed and a new trial granted as to her, with costs to the appellant to abide the event.

GLENNON, COHN and CALLAHAN, JJ., concur; DORE, J., concurs in result.

Judgment, in so far as it is against defendant Irene Goldstein, unanimously reversed, the action severed, and a new trial ordered as to said defendant, with costs to the appellant to abide the event.