■ STATE BANK OF ALBANY, Respondent, v. IVAN E. DUESLER, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term, entered November 19, 1970 in Albany County, which granted a motion by plaintiff to strike an answer and counterclaim and for summary judgment, and (2) from the judgment entered thereon. The plaintiff sued to collect the balance due on a promissory note of which the defendant was the maker and the record does not establish any defense to the action. The defendant counterclaimed alleging that, in regard to another note upon which defendant was a comaker, the plaintiff, upon default, had demanded payment from the defendant without first proceeding against the security for such note. The counterclaim also alleged plaintiff had misrepresented to the defendant that the note was not secured. The counterclaim alleged damage including mental anguish. The counterclaim does not allege facts sufficient to constitute the intentional infliction of mental distress. (Cf. *Long* v. *Beneficial Fin. Co. of N. Y.,* 39 A D 2d 11.) It is not disputed that, as a matter of law, the plaintiff had a right to collect the secured note from the defendant without resorting to any security and, accordingly, the presence or absence of security was of concern only to the defendant (Uniform Commercial Code, § 9–501). The facts alleged do not show any such negligent misrepresentation by the plaintiff in regard to security as could reasonably be expected to result in mental anguish and damages. It is to be noted that the security agreement — chattel mortgage — contained in the present record is in such form as to denominate the defendant as the mortgagor, and, in any event, the affidavits establish that the security agreement — chattel mortgage — was turned over to the defendant upon his payment of the secured note. (See *National Bank of Rochester* v. *Erion-Haines Realty Co.,* 213 App. Div. 54.) Order and judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.