■ SEACOMM FEDERAL CREDIT UNION, Respondent, v CYNDIA J. B. HANLEY, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered December 19, 1986 in St. Lawrence County, which, inter alia, granted plaintiff's motion for summary judgment.

Defendant's husband borrowed approximately $17,000 from plaintiff for the purchase of an automobile in August 1984. A note evidencing the transaction provided that plaintiff had a security interest in the automobile as well as in the funds he had in all of his accounts with plaintiff. Defendant signed the note as "Co-Borrower". Previously, in November 1983, defen-

dant's husband had borrowed approximately $95,000 from plaintiff. The note evidencing that transaction stated that plaintiff had a security interest in certain property as well as funds in a specific account he had with plaintiff identified as number 3904-0-00.

Defendant's husband subsequently became insolvent and defaulted on both notes. At that time, defendant's husband had an interest in 10 separate accounts with plaintiff, only 2 of which bore account numbers resembling the account number referred to in the November 1983 note. Despite this, plaintiff set off the funds in all of the accounts against the balance due on the November 1983 note. Plaintiff also seized and sold the automobile which had secured the August 1984 note. After the sale, a deficiency of approximately $3,300 remained on the 1984 note. Plaintiff commenced this action seeking recovery of that sum. Supreme Court granted plaintiff's motion for summary judgment on its complaint. Defendant appeals.

Defendant contends that plaintiff improperly applied a number of her husband's accounts to the November 1983 note. She states that, had the accounts properly been applied to the August 1984 note, that deficiency would have been eliminated. Defendant's contention may well have merit had she signed the note as a surety (see, 57 NY Jur, Suretyship and Guaranty, § 308, at 731-733 [1967]). However, she signed the note as a coborrower and was therefore primarily liable. A creditor is not required to proceed first against the security before seeking to enforce the terms of the note (see, UCC 9-501 [1]; see also, First Intl. Bank v Blankstein & Son, 88 AD2d 501, 502; State Bank v Duesler, 41 AD2d 1009). Thus, while it may be true that plaintiff unlawfully applied funds from certain accounts toward satisfaction of the November 1983 note, this does not affect the fact that plaintiff was entitled to proceed against defendant before resorting to the security.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.