JEREMIAH B. GRUMAN, as Assignee, etc., Appellant, *v.* ISAAC T. SMITH, Respondent.

Where a stock-broker sells without due notice stock purchased by him for a customer, on a margin, and held in pledge to secure the advance made

by him to make the purchase, he does not thereby, as matter of law, extinguish all claim against the customer for the advance.

The unauthorized sale is a conversion, and the broker is liable for the damages sustained by his customer in consequence thereof ; but the latter can claim no greater benefit than would have accrued to him if the act complained of had not been committed.

Accordingly *held,* in an action to recover a balance alleged to be due for such an advance, after credit of the amount realized upon the unauthorized sale of the stock, that a dismissal of the complaint was error ; but that defendant was entitled to be allowed as damages the difference between the price for which the stock sold and for which he received credit and its market price then or within such reasonable time after notice of sale as would have enabled defendant to replace the stock, in case such market price exceeded the price realized.

*Gruman* v. *Smith* (12 J. & S. 389) reversed.

(Argued April 5, 1880 ; decided April 13, 1880.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 12 J. & S. 389.)

This action was brought by plaintiff, as assignee in bankruptcy of Fitch & Co., stock-brokers, to recover an alleged balance on a stock transaction.

The plaintiff's evidence on the trial tended to show that Fitch & Co. purchased 100 shares Rock Island railroad stock for the defendant on a margin, May 14, 1870, and carried the stock for him. Fitch & Co. called for more margin September 8, 1873, and the defendant paid them September 10, 1873, $500 additional margin. Fitch & Co. called for more margin September 17, 1873, and not receiving it, three days after sold the stock at 90 without notice to the defendant of the sale, and sent him an account showing a balance against him of $1,-596.29. The defendant refused to accept the sale. Plaintiff offered to prove that the stock went below ·90, and could have been replaced by defendant at less than that, within a reasonable time after the sale. This was objected to and excluded, to which plaintiff's counsel duly excepted. The court thereupon, on motion of defendant's counsel, dismissed the complaint, to which due exception was taken.

*Jacob S. Van Wyck* for appellant.   A sale of the stock did not of itself constitute a conversion.   (*Nourse* v. *Prime,* 4 Johns. Ch. 490; *Horton* v. *Morgan,* 19 N. Y. 170; *Taussig* v. *Hart,* 58 id. 425 ; *Markham* v. *Jaudon,* 41 id. 235.)   If defendant sustained damages by the wrongful conversion of his stock, it was for him to prove the amount of such damages, and it was his right to have them recouped against the plaintiff's claim.   (*Baker* v. *Drake,* 53 N. Y. 211.)   Plaintiff's claim did not grow out of the wrongful conversion of the defendant's stock, and he was not estopped thereby.   (*Markham* v. *Jaudon,* 41 N. Y. 240; Story on Bailments, § 315 ; *Ward* v. *Morgan,* 5 Sneed, 79 [Tenn.], and other cases cited; *Granite Bank* v. *Richardson,* 7 Met. 407; *Allen* v. *Dykers,* 3 Hill, 593; *Stearns* v. *Marsh,* 4 Den. 227; *Strong* v. *Nat. Mech. Banking Association,* 45 N. Y. 718.)

*Geo. Putnam Smith* for respondent.   The sale of the defendant's stock was illegal.   (*Markham* v. *Jaudon,* 41 N. Y. 235; *Stenton* v. *Jerome,* 54 id. 480 ; *Baker* v. *Drake,* 66 id. 518.)

CHURCH, Ch. J.   The learned court below erred, we think, in holding that a sale of the stock by Fitch & Co., without notice, although irregular, and technically amounting to a conversion, operated as matter of law as an extinguishment of the entire claim of the plaintiff, and debarred him from maintaining an action thereon.   The relation of the parties was that of pledgor and pledgee.   (*Markham* v. *Jaudon,* 41 N. Y. 235 ; *Baker* v. *Drake,* 66 id. 518.)   For a conversion of the pledge, the pledgee was liable for the damages sustained by the defendant, but whether they would equal the amount of the claim would depend upon the facts developed.   The rule for adjusting damages in such a case was settled by this court in *Baker* v. *Drake* (53 N. Y. 211), overruling *Markham* v. *Jaudon* (*supra*), upon the rule of damages, but leaving it undisturbed in other respects.   The action was not based upon the wrongful sale, but upon the debt for the advance made by the brokers

to purchase the stock. The title of the stock when purchased was in the defendant, the advance of the whole or a portion of the purchase-money created the relation of debtor and creditor, and the stock put up as security, together with any additional amount called a margin, was a pledge to secure the debt.

In such a transaction it is expressly or impliedly agreed that the margin (so called) shall, if the stock depreciates, be replenished and kept good upon demand, and upon failure to do so, the stock may be sold upon reasonable and customary notice. The stock in question did depreciate, a call for additional margin was made and complied with, a second call was made, but not responded to, and the brokers sold the stock, but neglected to give notice to defendant. This rendered the sale irregular, and constituted a conversion. The action was brought for the balance due to the brokers for the advance after deducting the amount for which the stock sold. The defendant was not bound by this sale for want of notice, and might insist upon full indemnity for his loss or injury, but such loss was not necessarily the whole amount of the plaintiff's claim. The stock sold at 90. Suppose that was then its full value, and it had gone down to 50 and remained there, it is very clear that so far from being injured, the defendant would have been benefited by the sale. The defendant cannot claim a greater benefit than would have been derived if the act complained of had not been committed. The defendant might have shown that the market value of the stock at the time of the sale exceeded the price for which it was sold, and he was entitled to a reasonable time after notice of the sale to replace the stock, and if in the meantime it had advanced in price, the defendant would have been entitled to the difference. (*Baker* v. *Drake*, *supra*.) Beyond this he was not legally injured. (Id.)

The judgment should be reversed, and a new trial granted, costs to abide event.

All concur.

Judgment reversed.