# SUPREME COURT.

## James O. Hopper agt. Morris Smith.

*Damages — measure of, in action by pledgor against pledgee for wrongful sale of pledge.*

On the 10th day of March, 1874, H. being indebted to S. in the sum of forty-one dollars and fifty cents, delivered to him a receiver's certificate of the N. Y. and O. M. R. R. Co., by which it was certified that the bearer of it was entitled to receive out of the assets of said road as they came into the hands of the receivers, $100 and interest. S., when he took the certificate, agreed that when the debt was paid he would deliver it to H., or if collected he would pay the balance to him after deducting the costs of collection. In December, 1879, H. tendered to S. his debt and interest, and demanded the certificate, which S. did not deliver, saying he had sold it. In an action by H. against S.:

*Held,* that H. was entitled to recover the value of the certificate as of the time of the tender to S. of the amount of his debt and demand of the certificate.

The sale by S. in March, 1878, was not of itself a conversion and did not, against the will of H., create a cause of action in his favor against S., for the conversion of the certificate so as to require H.'s damages to be the value of the certificate at that time, with interest. On the contrary, the cause of action did not accrue until the demand and refusal, and the measure of damages is the value at that time.

The stock cases, *Markham* agt. *Jandon* (41 *N. Y.*; 235), *Baker* agt. *Drake* (53 *N. Y.*, 211), *Gruman* agt. *Smith* (81 *N. Y.*, 25), and the cases of sales by factors, cited and distinguished.

*Steuben Circuit, January,* 1882.

Hopper agt. Smith.

MOTION by defendant for new trial on minutes after verdict, ordered for plaintiff at the circuit.

The facts are all stated in the opinion excepting that it appeared by the defendant's testimony that a few weeks after he sold the certificate he notified plaintiff of the sale.

*D. M. Page*, for defendant, claimed that the measure of damages was the market-price of the certificate at the time plaintiff had notice of the sale, or within a reasonable time thereafter, for plaintiff to replace the certificate with interest and cited *Gruman* agt. *Smith* (81 *N. Y.*, 25), *Baker* agt. *Drake* (66 *N. Y.*, 518), *Id.* (53 *N. Y.*, 211), *Ormsby* agt. *Vt. C. M. Co.* (56 *N. Y.*, 623).

*George B. Bradley*, for plaintiff, insisted that the plaintiff was entitled to recover the value of the certificate as of the time of the tender to the defendant of the amount of the debt and demand of the certificate.

RUMSEY, *J.* — On the 10th day of March, 1874, the plaintiff, being indebted to defendant in the sum of forty-six dollars and fifty cents, delivered to the defendant a receiver's certificate of the New York & O. M. R. R. Co., by which it was certified that the bearer of it was entitled to receive, out of the assets of said road, as they come into the hands of the receivers, $100 and interest. The defendant, when he took the certificate, agreed that when the debt was paid he would deliver it to the plaintiff, or if collected, he would pay the balance to plaintiff after deducting the costs of collection. In December, 1879, plaintiff tendered to defendant his debt and interest, and demanded the certificate, which defendant did not deliver, saying he had sold it. At that time the value of the certificate was its face and interest, which was $149.67.

The defendant proved at the trial that he sold the certificate in the city of New York, in March, 1878. He offered to show the market value of it at that time, and for several months after. This was excluded on plaintiff's objection, and

no other facts appearing, a verdict was ordered for the plaintiff for the value of the certificate at the time of the tender, deducting the amount of the debt. Defendant now moves for a new trial. The only question presented is, what was the proper measure of damages. The defendant insists that the measure of damages was the value of the certificate at the time of its sale by him, and interest to the day of trial, deducting the debt; while the plaintiff claims that the rule adopted at the trial was the correct one. The case is a very interesting one, not on account of the sum at issue, but because the questions involved are important, and because of the thorough manner in which they have been presented by counsel.

The argument of the defendant is, that the sale by him in March, 1878, was a conversion; that, immediately upon the sale, a right of action for the conversion accrued to the plaintiff, and that the rule of damages is the market value of the property at the time of the conversion, with interest.

It is to be remarked, in the first place, that this is not a case of a mere naked tort — an illegal and wrongful usurpation by defendant of control over the chattel of plaintiff — but the defendant was lawfully in possession of the certificate at the time he sold it, and had the right to control it to some extent, and to hold it as against plaintiff. And not only had he the right to hold it, but he had a special property in it, more than a mere lien, and which he continues to have, although he may have lost the possession (*Story on Bailments, secs.* 303–321, 324), and which he may assert even against the general owner. So long as this special property exists, it necessarily carries with it the right of possession, and while that right continues trover cannot be maintained against the person who has it.

The sale therefore by the pledgee of the stock is not a conversion of it, unless thereby the contract of pledge is absolutely determined, and all the right of the pledgee at an end, and the pledgor revested with the property and right of possession.

· That a mere sale and delivery of the pledge by the pledgee does determine the contract of pledge *ipso facto*, and without more entitle the pledgor to recover the pledge in an action for its conversion, where, by the terms of the contract, the pledgor was not entitled to have the pledge restored to him until his debt was paid, does not seem to have been decided in this state. Judge STORY, in his works on Bailments, considers the question as an open one (*Story on Bailments, sec.* 324). In the English courts, the rule seems to be that a sale of the pledge does not determine the contract, and is not a conversion of the pledge (*Donald* agt. *Suckling, L. R.,* 1 *Q. B.,* 585; *Haliday* agt. *Holgate, L. R.,* 3 *Exch.,* 299). The question has been examined by the supreme court of the United States in a recent case, in which that court held that when the pledgee had improperly sold the pledge the pledgor could not recover it from the purchaser without tendering the amount of his debt (*Talty* agt. *Freedmans' Savings and Trust Co.,* 93 *U. S.,* 321). The principle underlying this decision must be that the sale did not determine the contract of pledge and revest the right of possession in the pledgor.

The question is examined by Mr. Bigelow in a note to *Donald* agt. *Suckling* (*supra; Bigelow's Log. Cas. on Torts,* 434–439). Judge COOLEY, in his work on Torts, says that it is settled that a sale by the pledgee does not terminate the bailment so as to render him liable for a conversion (*Cooley on Torts,* 453). The same rule is laid down in Edwards on Bailments, at section 267. The rule laid down in these cases is not in conflict with decided cases in this state. The stock cases (*Markham* agt. *Jaudon,* 41 *N. Y.,* 235; *Baker* agt. *Drake,* 53 *N. Y.,* 211; *Gruman* agt. *Smith,* 81 *N. Y.,* 25), and cases like those mentioned, are entirely different, because in those cases the stock was held by the pledgee subject to the order of the pledgor, and for the express purpose of being sold at his direction, and the unauthorized sale was an entire destruction of the contract and rendered a demand unnecessary (*Cooley on Torts,* 453). Nor do the cases of sales by

factors and agents conflict with the rule. The factor or agent has no property in the goods, and any dealing by them with the goods not authorized by the owner determines the right to possession and revests it in the owner (*Donald* agt. *Suckling, supra*).

All the cases in this state involving the right of a pledgee to maintain trover for a sale of the pledge are stock cases, or cases in which the debt had been tendered or had been extinguished.

Outside of authority, the rule that a sale by the pledgee is not *ipso facto*, a conversion seems to be good sense. The rights of the parties are based upon the contract. The sale by the pledgee is wrongful. If that sale in and of itself determines the contract without more, then the pledgee, by his wrongful act, may rescind his contract in spite of the wish of the other party to it. I am not aware of any other case in which this can be done, and I can conceive of no reason for permitting it in this case. It may be for the interest of the pledgor to keep his contract alive, and, if it is so, I cannot see why he may not do it. The maxim that no one shall take any advantage by his own wrongful act, may fairly apply to this case, and we may hold that, although the unlawful sale does not *per se* operate as a conversion, yet the pledgor may, at his option, so consider it, and that he may regard the contract as at an end, tender or offer to pay his debt and demand his pledge, or may sue for damages for the sale. I think the cases sustain that rule, and that it reconciles the cases which otherwise appear to conflict, but do not in fact (*Strong* agt. *Nat. Mich. Bkg. Ass.*, 45 *N. Y.*, 718; *Bryan* agt. *Baldwin*, 52 *N. Y.*, 232). I do not think that the plaintiff was called upon to notify defendant of his disaffirmance of the sale at the time defendant told him of it at the depot. There is no pretense of any estoppel. Nothing has occurred to give defendant reason to believe that the contract was waived, and he took no action afterwards on the strength of plaintiff's silence. As long as the contract was in force both parties were bound by it. The

plaintiff might rely upon it, and the defendant must keep ready to perform it. Neither party by, his own act simply could free himself from its obligations. The sale then by the defendant in March, 1878, was not of itself a conversion, and did not, against the will of the plaintiff, create a cause of action in his favor against the defendant for the conversion of the certificate, so as to require the plaintiff's damages to be the value of the certificate at that time with interest. On the contrary, the cause of action did not accrue until the demand and refusal, and the measure of damages is the value at that time.

But if I am wrong in this conclusion, and if the defendant by his wrongful act terminated the contract before existing in spite of the plaintiff, and left the plaintiff from that time no remedy but an action for the conversion of the certificate, it does not follow that the rule of damages adopted by the court was wrong.

The case of *Baker* agt. *Drake* (53 *N. Y.*, 211) does not fix an unvarying rule that the measure of damages is in all cases the market value of the property at or near the time of the conversion, with interest.

The rule laid down in that case is, that the measure of damages is a just indemnity to the party injured, regardless of the form of the action. The object in all cases is to indemnify the injured party even to the extent, if necessary, of giving him the highest market-price to the time of the trial (*Weple* agt. *Haviland*, 69 *N. Y.*, 448–450), and not to permit him to recover speculative or conjectural damages.

The rule which governs in such cases is so fully and accurately laid down by judge DUER of the superior court, that I need not discuss it (*Suydam* agt. *Jenkins*, 3 *Sandf. S. C.*, 614–622; 624–629). In this case the property in suit was a chose in action, which entitled the holder to receive a certain sum and interest. *Prima facie* that was, I think, the value of it (*Booth* agt. *Powers*, 56 *N. Y.*, 22; *Thayer* agt. *Manley*, 73 *N. Y.*, 306). It is fair to suppose that if the defendant

had retained it, as he ought to; the plaintiff would not have parted with the right to redeem it. The plaintiff had a right to suppose that he might redeem it, and he actually did apply to do so. A just indemnity to the owner would give him the actual face value of the certificate and interest within the rule of *Suydam* agt. *Jenkins.*

The rule adopted in this case is precisely that which was adopted by KENT in the case of *Cortelyou* agt. *Lansing* (2 *Cai. Cas.*, 199–215), as the rule of damages in a like case. Although the opinion of judge KENT in that case was not delivered, it has frequently been cited, and is stated by judge FOLGER to be a correct exposition of the law (*Booth* agt. *Powers*, 56 *N. Y.*, 27, 28). The case has never been over-ruled, and I am content on this branch of the case to rest my decision on the authority of judge KENT.

It is not necessary to discuss the question as to the form of the action. The facts are stated in the complaint, and the law awards to the plaintiff a just indemnity whether his action be in contract or in tort (*Baker* agt. *Drake*, 53 *N. Y.*, 211–220).

Upon both grounds discussed I think the ruling at the circuit was right.

New trial denied, with ten dollars costs.