FRANK WALTS, APPELLANT, *v.* GEORGE E. NICHOLS AND OTHERS, RESPONDENTS.

*Attachment — the affidavit must show a right to recover actual, as distinguished from nominal damages — motion papers need not specify defects which relate to the merits — what objection not taken below cannot be raised on appeal — right of one partner to have an attachment against the firm property vacated.*

An affidavit upon which a warrant of attachment was issued contained the usual formal allegations, and stated as the cause of action that the defendants were copartners and commission merchants in the city of Chicago ; that on or about May 12, 1883, they purchased for the plaintiff 250 barrels of pork at seventeen dollars and ninety-two and one-half cents per barrel at a commission of two and one-half cents per barrel for purchasing, which was paid by the plaintiff; that the defendants were to sell the same, if requested so to do by the plaintiff, at any time during the year 1883, and not otherwise; that on or about June 18, 1883, the defendants, without the knowledge, consent or request of

the plaintiff, sold said pork at the price of fifteen dollars twenty-seven and one-half cents per barrel, and reported to plaintiff that it had been sold and delivered to other parties. It then stated that it was sold for less than it cost and claimed to recover the difference.

*Held,* that the attachment was properly vacated as the affidavit failed to show a right to recover more than nominal damages.

A bare statement in the affidavit of the amount claimed is not enough, the facts showing the right to recover must be set forth.

It is not the intent of the statute to allow the property of a defendant to be attached upon a claim for nominal damages only.

It was claimed on the appeal that the particulars in which the attachment papers were defective should have been specified in the notice of motion to vacate it, and that the moving papers should have been entitled as to the defendant, "George E. Nichols, impleaded, etc.," instead of "George E. Nichols."

*Held,* that as the first defect objected to related to the merits, and was not a mere irregularity, it was not necessary to specify it in the notice of the motion to vacate the attachment.

That a defect in the title of the action cannot be taken advantage of on appeal if an objection thereto was not taken below.

Where an attachment is issued in an action against partners, either defendant may move, alone, to have the attachment wholly vacated in so far as it affects firm property.

APPEAL from an order of the Oswego Special Term vacating a warrant of attachment on motion of the defendant George E. Nichols.

*W. A. Nims,* for the appellant.

*O'Brien & Emerson,* for the respondents.

SMITH, P. J.:

The attachment was granted upon an affidavit made by the plaintiff. The affidavit alleged that the action is for the recovery of money; that the cause of action is on a contract other than a promise to marry; and that the amount of the plaintiff's claim is $2,150 and interest from 18th June, 1883, over and above all counter-claims known to the plaintiff. The affidavit then proceeded to state the grounds of said claim and cause of action, substantially as follows: That the defendants were copartners and commission merchants in the city of Chicago, and that on or about 12th May, 1883, they purchased for plaintiff 250 barrels of pork at seventeen dollars and ninety-two and one-half cents per barrel, at a commission of two

and one-half cents per barrel for purchasing, which was paid by plaintiff; the defendants to sell the same, if requested so to do by plaintiff, at any time during the year 1883, and not otherwise; and that on or about 18th June, 1883, defendants, without the knowledge consent or request of plaintiff, sold said pork at the price of fifteen dollars and twenty-seven and one-half cents per barrel, and reported to plaintiff that it had been sold and delivered to other parties. Similar averments were made in respect to another quantity of two hundred and fifty barrels of pork, and a quantity of lard, which it is not necessary to state more particularly. The price at which the several lots of property were sold, was $2,150 less than the price at which they were purchased, as alleged in the affidavit.

It is contended by the defendants' counsel, and was held at Special Term, that the facts stated in the affidavit do not show a right to recover more than nominal damages, and in that view of the case we concur. There is no averment that the market value of the property, at the time it was sold by the defendants, exceeded the price at which it was sold, or that it afterwards rose to a point above that price, and in the absence of those facts, it is difficult to see how the plaintiff suffered anything more than nominal damages by the defendants' breach of the contract. (*Gruman* v. *Smith*, 81 N. Y., 25.) If the plaintiff, on being notified of the sale, had disaffirmed it and required the defendants to replace the property, and on their refusing had replaced it himself, in a reasonable time, at an advanced market price, the advance in price over what was realized at the sale would have been a proper measure of damages. (*Baker* v. *Drake*, 53 N. Y., 211.) Or, if the market value of the property, on the day of sale, was greater than the price at which the defendants sold it, the plaintiff might have recovered the difference. (*Taussig* v. *Hart*, 58 N. Y., 425.) Or, if the plaintiff had actually paid for the property he might claim as damages the difference between the price at which it was sold, and the highest market price between the time of sale and the end of the period during which the defendants were bound to hold the property. (*Baker* v. *Drake*, *supra*; *Colt* v. *Owens*, 90 N. Y., 371.) But neither of the cases supposed is made by the averments in the affidavit.

A bare statement of the amount of the claim is not enough. The

facts must be set forth showing the right to recover. (*Pomeroy* v. *Ricketts*, 27 Hun, 242; *Smith* v. *Davis*, 29 id., 306.)

No claim for nominal damages is made in the affidavit, and if one had been made it would not have justified the issuing of an attachment. It is not the intent of the statute to allow the property of a defendant to be attached upon a claim of nominal damages only. For these reasons the order appealed from should be affirmed, unless some of the preliminary objections taken by the plaintiff's counsel, at the Special Term, be held valid.

The objections that the particulars in which the attachment papers are claimed to be defective should have been specified in the moving papers, and that the moving papers should have been entitled, as to the defendant, " George E. Nichols, impleaded, etc.," instead of " George E. Nichols," are not tenable. The defects on which the motion is founded relate to the merits and are not mere irregularities; and as the original notice of motion or order to show cause is not printed in the appeal book, we cannot say that it was not properly entitled. Besides, the order made, when the parties were before Mr. Justice VANN, shows that the only objection then taken to the original order to show cause, was that it did not sufficiently specify the papers on which the motion was to be heard. The objection now urged, that it is not properly entitled, not having been taken at that time, was waived.

The only other preliminary objection is that the motion should have been made in behalf of all the defendants, and not by one alone. We understand the Code to recognize the right of one of several defendants, to move to vacate an attachment (secs. 682, 688, 689) to the extent of his interests in the property. (*Trow's Printing Co.* v. *Hart*, 85 N. Y., 500.) In this case the affidavit alleges that the defendants are copartners. As the moving party is interested in the entire partnership property, he seems to be entitled to a complete *vacatur* of the attachment.

Had the objection been taken that the attachment cannot be vacated as to the separate property of the defendants not joining in the motion, a different question would have been presented. But that question is not before us and we express no opinion upon it. As the objection, if taken, would have been in the nature of a plea of nonjoinder of parties, it was waived by not being taken. And

it is to be presumed from the facts that such objection was not taken, that the defendants, not uniting in the motion, had no separate property within the jurisdiction that could be reached by the attachment.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.