THE HOLMES AND GRIGGS MANUFACTURING COMPANY, Respondent, *v.* G. LIVINGSTON MORSE, Appellant.

Appeal by the defendant from a judgment in favor of the plaintiff, entered upon the report of a referee, in the office of the clerk of the county New York on the 17th day of September, 1888.

VAN BRUNT, P. J. :

This is an action, brought upon two promissory notes made by the defendant Morse and one Charles Wessell, jointly and severally, whereby they promised, for a good consideration, to pay to the order of the plaintiff certain sums of money. The defenses in this action were the same as in the case of the *Holmes & Griggs Manufacturing Company* v. *The Holmes & Wessell Metal Company and others*, and the notes were given as part and parcel of the same agreement referred to in the above case.

It is not necessary to recite the reasons for the conclusion arrived at, that the Holmes & Griggs Manufacturing Company had a right to sell the stock in question, and to recover upon the notes given in payment thereof. There is one distinction, however, which it is necessary to consider, and that is that the stock which was to be delivered upon the payment of the notes in suit was to be delivered to the makers of those notes. The terms of the agreement were, that on payment of said note stock to a certain amount should be delivered to the makers thereof.

It was conceded upon the trial, as in the other action, that none of the capital stock had been tendered to the defendant or to said Wessell, although the plaintiff was ready and willing to deliver the stock called for by the contract under which the notes in suit were given at the maturity of the notes, and at all times since, upon the payment of the notes ; and the only question arising in this case which differs from the one previously decided is whether, as a condition of demanding payment of the notes, the plaintiff was bound to tender the stock to the makers thereof, who were entitled to receive it. We think in this case that it was. The payment of the notes and the delivery of the stock were to be simultaneous acts. The makers of the notes were to be entitled to receive the stock on payment thereof. They were not required to go anywhere else or seek anybody else for the securing of the stock when they paid the notes. And in order to entitle the plaintiff to demand payment of the notes, it must have the notes present so as to deliver them up, and, also, offer the stock which it was to deliver upon such payment. There does not seem to have been any tender of the stock at any time before the trial, nor, so far as we can find out, was there any tender of the stock upon the trial. And under the rules laid down in the case of

*Ocean National Bank* v. *Fant* (50 N. Y., 476) it was incumbent upon the plaintiff, claiming payment of these notes, to tender the stock which it agreed to deliver upon such payment, and the makers were not required to pay the notes and then trust to their legal remedies against the plaintiff. We think that the learned referee erred in the conclusion at which he arrived in this case, that a tender of this stock was not necessary before a recovery could be had. It is true that the learned referee has refused to find, as matter of fact, that the stock to be delivered on payment of the notes had not been tendered by the plaintiff or by anyone on its behalf; but upon the stipulation given during the trial of the case it is apparent that such refusal was error.

We think, for these reasons, the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

BARTLETT and MACOMBER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.