HOLMES & GRIGGS MANUF'G CO., Respondent, *v.* MORSE, Appellant.

*(Superior Court of New York City, General Term.* June 28, 1889.)

Appeal from judgment on report of referee.
Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.
*Adam C. Ellis,* for appellant. *Sidney H. Harris,* for respondent.

PER CURIAM. The decisions of the supreme court[1] on the subject involved in this action are to be followed. Judgment reversed, order of reference set aside, and new trial ordered, with costs to abide event. All concur.

---

SOUTHWICK, Respondent, *v.* HAMERSLY, Appellant.

*(Superior Court of New York City, General Term.* June 28, 1889.)

Appeal from special term order denying defendant's motion to set aside default and inquest taken.
Argued before SEDGWICK, C. J., and FREEDMAN, J.
*August P. Wagener,* for appellant. *Samuel Jones,* for respondent.

FREEDMAN, J. The affidavits read below in opposition to the motion to open defendant's default and to set aside the inquest taken against him clearly show that the defendant trifled with the court; that delay is the great object sought for by him; and that the motion was properly denied. The order should be affirmed, with $10 costs and disbursements.

SEDGWICK, C. J. In my opinion, the order was correct. No specific reason was given for a belief that a trial would have a result different from that of the inquest. Nor on the trial did it appear that what the defendant desired to prove could not have been proven by other witnesses. If there was error in the decision of the judge at the trial the defendant was protected by his right to appeal; otherwise the matter was in the discretion of the trial judge first, and then of the judge who made the order appealed from. In neither case was the discretion improperly used. I think the order should be affirmed, with $10 costs.

[1] Manufacturing Co. v. Morse, 5 N. Y. Supp. 940, and Manufacturing Co. v. Metal Co., Id. 937.