## FRANK & J. G. JENKINS, JR., v. CONKLIN.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

1. APPEAL AND ERROR (§ 837*)—REVIEW—ADMISSIONS IN ARGUMENT.

Admissions of plaintiff, deliberately and intentionally made, on the argument of the motion for dismissal on the pleadings and on its opening argument, may, on appeal from the judgment of dismissal, be considered as stating facts.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 837.*]

2. CORPORATIONS (§ 123*)—PLEDGE OF STOCKS—HOLDING AS COLLATERAL.

The relation of pledgee and pledgor exists where plaintiff buys stocks for defendant, loaning him the purchase money, and holds the stock as collateral security for the loan, all under an agreement by them therefor.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 123.*]

3. PLEDGES (§ 55*)—ACTION ON DEBT—PRODUCTION OF PLEDGE.

While, in the absence of special agreement to the contrary, the pledgee may sue on the debt without first realizing on or returning the pledged collateral, yet, it being negotiable by him, he should produce it at the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial, unless he insists on proceeding after being charged with its face value.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 140–151; Dec. Dig. § 55.*]

4. JUDGMENT (§ 570*)—EFFECT OF DISMISSAL.

Dismissal of the complaint on the pleadings and on plaintiff's opening of the case, in an action by the pledgee on the debt secured by pledged collateral, because of failure to produce at the trial the collateral, which was negotiable by plaintiff, is not on the merits.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 570.*]

Appeal from Trial Term, Kings County.

Action by Frank & J. G. Jenkins, Jr., a corporation, against William A. Conklin. From a judgment dismissing the complaint, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Herman S. Bachrach, for appellant.
Arnon L. Squiers, for respondent.

JENKS, P. J. The plaintiff appeals from a judgment upon dismissal on the pleadings, and on its opening of the case at Trial Term, and from an order denying its motion for a new trial.

[1] The plaintiff, a stockbroker, sues to recover a balance of money lent to the defendant, its client, to buy stocks for the latter, with an agreement that such stocks would be held by the plaintiff as collateral security for the loan. There was no plea of tender of the securities or of demand, and upon the argument of the motion for dismissal the plaintiff admitted that it still held the stock as collateral security for the debt in suit, that the certificates were so indorsed that it could negotiate them and make good title to the stock in a transferee, free from any claim of the defendant, that it did not produce the stock or the certificates on the trial, that it did not have them present, and that it made no offer to surrender the same or to have the same in court. Such admissions "deliberately and intentionally" state facts which present the question which we shall consider. See Hoffman House v. Foote, 172 N. Y. 351, 65 N. E. 169.

[2, 3] There was the relation of pledgee and pledgor. Content v. Banner, 184 N. Y. 124, 76 N. E. 913. But in the absence of any special agreement for first resort to the collateral, the general rule is that the pledgee is neither required to realize upon it nor to return it before action upon the debt. De Cordova v. Barnum, 130 N. Y. 615, 29 N. E. 1099, 27 Am. St. Rep. 538; Benecke v. Haebler, 38 App. Div. 344–348, 58 N. Y. Supp. 16, affirmed 166 N. Y. 631, 60 N. E. 1107. The pledgee may have sold the collateral and therefore cannot produce it. But when the court comes to the ascertainment of the debt, the sale is considered, and the proceeds thereof are charged against the debt, or if such sale was not binding on the defendant, or if it was conversion, then the pledgor may insist on credit to the extent of the market value of the collateral. Thus the pledgor would receive the full benefit of a proper sale, while to deny recovery for the debt to the pledgee,

if any debt survived such credit, would be in the nature of a penalty for a sale of the collateral to the extent of wiping out the debt, although the action rested upon the debt, and not upon a wrongful sale of the collateral. See Gruman v. Smith, 81 N. Y. 25; Minor v. Beveridge, 141 N. Y. 399, 36 N. E. 404, 38 Am. St. Rep. 804. All that the pledgee is entitled to in such an action is to recover the debt. If he still have collateral *which he may negotiate,* he should not recover the debt, and yet be left free to negotiate the collateral for his own benefit. He might do this thing to leave the defendant to perhaps an unsuccessful pursuit of him, or of one who is a bona fide holder for value. This, to use the expression in Ocean National Bank of N. Y. v. Fant, 50 N. Y. 476, "would be most unreasonable."

I think, then, in this case, as the collateral was negotiable by the plaintiff, he should have produced it at the trial. Ocean National Bank of N. Y. v. Fant, supra; Jones on Pledge of Collateral Securities, § 106; Colebrook on Negotiable Securities, § 106; Holmes & Griggs Co. v. Morse, 53 Hun, 58, 5 N. Y. Supp. 937. It is true that the plaintiff might have insisted upon proceeding after he had been charged with the face value of the collateral (Colebrook on Negotiable Securities, § 106); but he did not, nor did it appear that, if this had been done, there would have been any apparent debt. I advise affirmance.

[4] I think that it should be clearly understood, however, that such dismissal was not upon the merits. Nichols' New York Practice, p. 2211.

The judgment and the order are affirmed, with costs. All concur.