### MILLER et al. v. McDONALD.

No. 8122—Opinion Filed March 6, 1917.

(163 Pac. 533.)

(Syllabus by the Court.)

1. **Vendor and Purchaser—Contract—Mutual and Dependent Covenants.**

Where a party, in consideration of a certain cash payment and a certain sum to be paid within one year after date, contracts to convey land upon payment of last-mentioned sum, at which time purchaser is to execute and deliver a note and mortgage for the balance of the purchase price, the covenant to execute note and mortgage and the one to convey are mutual, dependent covenants, and the grantor is not entitled to interest upon the balance for which note and mortgage were to be executed, unless he has complied or offered to comply with his contract by tendering defendants a deed to the land.

2. **Interest—Vendor and Purchaser—Tender of Purchase Price—Refusal.**

Where a sufficient tender of the purchase money of land is made and refused, plaintiff is not entitled to interest upon the amount so tendered from and after the date of such tender.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Action by James McDonald against Cecelia Miller and Charles Miller. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions.

D. K. Cunningham, for plaintiffs in error.

Geo. L. Bowman and W. A. McCartney, for defendant in error.

HARDY, J. On the 13th day of December, 1912, James McDonald, Cecelia Miller, and Charles Miller entered into a written agreement whereby McDonald agreed to sell and convey certain lands in Kingfisher county to the Millers for a consideration of $2,500; the material part of said contract being as follows:

"Said consideration to be as follows: $100 cash at the time of executing and signing this contract, and $400 on or before the 1st day of March, 1913, and the remaining $2,000 as hereinafter stipulated. At the time of making the last payment of $400 then a warranty deed from party of the first part to the parties of the second part is to be made, executed and delivered, and the parties of the second part are at the same time to make, execute and deliver to the party of the first part a note of $2,000 with a real estate mortgage on the above-described property thereby conveyed, said note to run for a period of 10 years and to bear 5 per cent. interest per annum with the option of the parties of the second part to make payment thereon as they may desire and to pay the interest accumulated annually until paid. Party of the first part is to pay the taxes on the property until this note has been liquidated, that is, the taxes are to be charged against the party of the first part. If paid by the parties of the second part, they may be deducted from any amount due by them to the party of the first part."

The sum of $400 was not paid according to the terms of this agreement on March 1, 1913, and afterwards, on the 17th day of March, 1913, the parties executed the following supplemental agreement:

"It is hereby mutually agreed by and between the parties hereto that this contract is hereby extended to March 1, 1914. That instead of the payment of $400, that a payment of $150 is now made and acknowledged, and that when a further payment of $250 is made, that then the provisions of this contract shall be complied with and the deed and mortgage herein mentioned shall be executed and delivered. * * * "

The $250 due March 1, 1914, was not paid on that date, but on April 30, 1914, the Millers tendered to McDonald said sum, with interest thereon, and also offered to execute the note and mortgage provided for and demanded of McDonald that he execute and deliver to them a deed to the land, which he refused to do, and brought this action. At the trial the parties submitted the cause to the court upon the following stipulation:

"It is now stipulated and agreed by and between the plaintiff and defendants in open court, by their respective counsel, that this cause be and the same is hereby submitted to

the court upon the pleadings and the admission of the plaintiff that the defendants made the tender of the purchase money at the time and in the amount set forth in their answer herein. That the court shall take said contract and extension thereof, referred to as Exhibit A attached to plaintiff's petition, and after considering the same, then consider the amount of the tender made by the defendants to plaintiff and the time that said tender was made, and from same find the amount plaintiff is entitled to recover from the defendants, and then render judgment therefor, and for the enforcement of said contract as authorized by the terms and conditions of said contract and indorsements thereon, without any further evidence."

And on September 25, 1915, the court made the following findings and rendered judgment thereon as follows:

" * * * Therefore said cause was presented to said court by the respective attorneys and was by the respective attorneys argued, and the court, upon the pleadings and the written contract between plaintiff and defendants, after hearing said attorneys, duly considering all said pleadings and contract submitted to him for consideration, and the admission of the tender as alleged in defendants' answer, and after being fully advised in the premises, finds in favor of the plaintiff and against the defendants, and that there is due said plaintiff from said defendants at this time, as interest upon $2,000 from the 1st day of March, 1913, until the 1st day of March, 1915, the sum of $200, and that there is due the said plaintiff from the said defendants the further sum of $250, together with the interest on said $250 from the first day of March, 1914, up to this time, amounting to $269, and the further sum of $20 interest on the sum of $400 from March 1, 1913, until March 1, 1914, making a total due from the defendants to the plaintiff the sum of $489, the same to bear interest at the rate of 5 per cent. from this date. * * * "

Exceptions were saved to this judgment and the case brought here.

There is no dispute as to any principle of law, the correctness of the conclusion reached by the trial court turning upon the construction of the contract between the parties. The only controversy is as to the amount of interest due plaintiff at the time the case was submitted and judgment rendered. The meaning of the original contract appears plain; a cash payment of $100 was made upon the date of its execution, and a deferred payment of $400 was to be paid on or before March 1, 1913, at which time the note and mortgage and deed were to be executed. The note was to bear interest from date, and defendants were to receive in exchange therefor the deed. It was not the intention of the parties that the sum represented by the note should bear in-

terest until the note and mortgage were in fact executed and a deed exchanged therefor. The deferred payment of $400 was not paid when due according to the terms of the original agreement, but on March 17, 1913, a cash payment of $150 was accepted without interest thereon and the supplemental stipulation entered into whereby the time for performance of the original contract was extended until March 1, 1914, in which stipulation it was agreed that a further payment of $250 when made should constitute a compliance with the terms of the contract, and that the deed and mortgage mentioned should then be executed and delivered. The fact that no interest was claimed on the $400 at the time a cash payment of $150 was made and the agreement entered into, that the additional payment of $250 should constitute a compliance with the contract, indicates that it was not the intention of the parties to charge interest on the $400 from the date of the original contract until its due date as therein fixed. Inasmuch as defendants have tendered interest on the $250 from March 1, 1913, until the date of said tender, to wit, April 30, 1914, the right of the plaintiff to recover interest thereon is no longer in controversy and in fact is not questioned; the dispute as to this item being over the claim of plaintiff to recover interest thereon after the date of such tender until the date of the judgment. Time was not of the essence of the contract. Section 968, Rev. Laws 1910.

Therefore plaintiff was not authorized to declare said contract forfeited because of the failure to pay said sum, neither is said right here asserted. When defendants tendered plaintiff the sum of $250, with interest thereon, and plaintiff refused to accept said tender, he was not thereafter entitled to collect interest on that item. 22 Cyc. 1555; Cowles v. Marble, 37 Mich. 158; Hamlett v. Tallman & Graves, 30 Ark. 505. Neither was plaintiff entitled to recover any interest upon the sum of $2,000, for it was clearly the intention of the parties that said sum was not to bear interest until the execution of the note and mortgage and the delivery of the deed. Defendants were under no obligation to execute and deliver said note and mortgage until deed was executed and delivered in exchange therefor. The principle here is similar to that where a contract is made to convey land upon payment of the purchase money, in which case it is held that the covenant to convey and the one to pay are mutual, dependent covenants, and that after the entire purchase money is due, an action to recover cannot be maintained unless the plaintiff offers to convey or tenders a deed for the land upon full payment of the purchase price. Dubois v. Andrews, 57 Okla.

227, 152 Pac. 440; Morrison v. Terrell, 27 Kan. 326.

In Craft v. Bent, 8 Kan. 328, the parties entered into a contract by which defendant sold to plaintiffs a certain tract of land and bound himself to convey the same, "by a good and sufficient deed of warranty," on or before a certain date. Not complying with his contract, plaintiffs brought an action to compel the execution of a deed, and judgment was entered in their favor for the relief sought. Plaintiffs alleged in their petition that they had tendered the amount due, which allegation was admitted by the demurrer to be true, but it was claimed that interest on the purchase price should have beeen included in such tender. The court held that this was not so; that "payment was to be made by the terms of the contract, upon the making and executing of said deed." Until a tender of such deed, interest would not begin to run.

We think the case at bar comes within the rule of the foregoing decisions. The balance of $2,000 was to be represented by a note for that amount, which note was to bear interest from date, and was only to be executed and delivered at the time deed was exchanged. When defendants tendered the sum of $250, with interest thereon, and also offered to execute a note and mortgage in compliance with the terms of their contract, and plaintiff refused to accept the same, and refused to execute and deliver warranty deed as required by said contract, defendants had done all they were required to do, and plaintiff would not be authorized to collect interest upon said sum, until he had complied with the contract, his obligation to execute said deed being correlative with the obligation of defendants to execute the note and mortgage, and he was not entitled to claim the delivery of the note and mortgage until he had offered to perform his part of the contract. The trade was not to be finally closed until these respective instruments were exchanged, and said sum did not really become an obligation of defendants until the trade was finally closed, which was delayed by plaintiff's refusal to accept the tender and deliver deed.

The cause is therefore reversed and remanded, with instructions to the trial court to render judgment in accordance with the views herein expressed.

All the Justices concur.