## CLINE v. FIRST NAT. BANK OF OKMULGEE.

No. 7194—Opinion Filed Aug. 8, 1917.

On Rehearing, Feb. 12, 1918.

(170 Pac. 472.)

(Syllabus.)

1. **Bills and Notes — Rights of Holder — Suspicion of Defects of Title.**

Mere suspicion of defects of title or the knowledge of circumstances which would ordinarily create such suspicion in the mind of a prudent man or the knowledge of circumstances sufficient to put him upon inquiry will not alone defeat the title of the holder of negotiable paper; that result can be produced only by bad faith on his part.

2. **Bills and Notes — Right of Action—Time.**

Where a note is executed for the purchase price of certain stock in a corporation which is to be delivered upon the execution and delivery or upon the payment of said note, an action will not lie thereon until said stock has been delivered or tendered to the maker.

Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by the First National Bank of Okmulgee, Okla., against H. R. Cline. Judgment for plaintiff, and defendant brings error. Affirmed, and cause remanded, with directions.

J. J. Henderson, for plaintiff in error.

W. W. Witten, A. J. Biddison, and Harry Campbell, for defendant in error.

HARDY, J. This was an action by the First National Bank of Okmulgee against H. R. Cline upon a promissory note executed to Henry R. Cline and indorsed by payee and delivered to Charles E. Bonnett, and by Bonnett sold to plaintiff before maturity and for a valuable consideration. The answer alleged fraud in the procurement of said note, failure of consideration therefor, and notice thereof to plaintiff. Defendant further prayed that other parties be made defendant. Trial was had to a jury, which resulted in a verdict for plaintiff, and defendant prosecutes error.

The assignment upon which defendant places his chief reliance is the giving of instructions Nos. 4 and 6 by the court. Instruction No. 4 is as follows:

"You are instructed that in order to constitute notice of an infirmity in an instrument, or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmities or defects or knowledge of such facts that his action in taking the instrument amounted to bad faith."

This instruction is in almost the exact language of section 4106, Rev. Laws 1910, which was the law in force upon the date said note was executed and at the time same was negotiated to plaintiff, and the giving thereof was not error.

In instruction No. 6 the court told the jury that suspicion of a defect in title or knowledge of circumstances which should excite such suspicion in the mind of a prudent man, or circumstances sufficient to put him on inquiry, would not alone defeat his title; that such result could be produced only by bad faith on his part; and further instructed them:

"If you believe from the evidence in this case that the indorsee Bonnett, from whom the plaintiff secured the note, was and had been an agent of the Mid-Continent Life Insurance company, and that the plaintiff herein had actual knowledge or knowledge of such facts as would put a reasonably prudent man upon inquiry as to whether or not said Bonnett was the owner and holder of said note, and that said note had been executed for the stock in question, and that the said note at the time of its presentation and negotiation was claimed by the said Bonnett as his individual property, then and in that event the said plaintiff would have taken the same at its peril and subject to such defenses as the defendant might have had as against the said insurance company or the original indorsee of said note."

The first part of this instruction, the substance of which is stated above, is a correct statement of the law, as it has been repeatedly announced by the decisions of this court. The rule is well settled that mere suspicion of defects of title or the knowledge of circumstances which would ordinarily excite such suspicion in the mind of a prudent man or the knowledge of circumstances sufficient to put him upon inquiry would not alone defeat the title of the holder of negotiable paper; that result can be produced only by bad faith on his part. This rule has been declared in the following cases: Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 Pac. 785; McPherrin v. Tittle et. al., 36 Okla. 510, 129 Pac. 721, 44 L. R. A. (N. S.) 395; Citizens' Savings Bank v. Landis et al., 37 Okla. 530, 132 Pac. 1101; Showalter v. Webb, 42 Okla. 297, 141 Pac. 439.

The latter part of instruction No. 6 which we have copied verbatim states the law much stronger in defendant's favor than he was entitled to have it stated, and the error, if any therein, was in his favor, and placed a greater burden upon plaintiff than it should have been charged with, and defendant cannot complain of error in his favor. The court

no doubt, in giving that portion of instruction No. 6, was undertaking to apply the rule announced in Jenkins v. Planters' & Mechanics' Bank, 34 Okla. 607, 126 Pac. 757. The facts in that case and this, however, are very different. There the note upon its face was made payable to the Post Publishing Company, and was transferred to the plaintiff bank by William P. Harper, president of said Post Publishing Company, as collateral security for an individual indebtedness. In this case there is nothing upon the face of the instrument which would tend to show that it was the property of the Mid-Continent Life Insurance Company, but it was made payable to Henry R. Cline, indorsed by him in blank, and was in possession of Bonnett at the time it was negotiated to the bank. The fact that Bonnett was agent for the Mid-Continent Life Insurance Company, and was engaged in selling its capital stock, even though known to the plaintiff bank, was not sufficient to defeat its title acquired before maturity and for a valuable consideration. The evidence upon this issue under proper instructions was submitted to the jury, and they found in favor of the plaintiff, and the evidence being sufficient to support it, their verdict should not be disturbed.

The court in the instructions given fairly submitted the issues as made by the pleadings; and we find no prejudicial error therein, nor in refusing the requests tendered by defendant, except as will hereinafter appear.

It was the contention of defendant that the note was executed in payment of the purchase price of certain shares of stock in the Mid-Continent Life Insurance Company which were to be delivered to him upon delivery of the note. The evidence on behalf of the plaintiff is that at the time the note was negotiated to it there was attached thereto a certificate for certain shares of stock in the Mid-Continent Life Insurance Company which Bonnett stated was to be delivered to defendant upon the payment of said note. There was no tender of said certificate to defendant before the bringing of this suit or during the trial thereof, but plaintiff is seeking a recovery upon said note without making such a tender. These facts were pleaded in the answer, and evidence was offered to show that fact, and instructions were requested upon that theory which were refused. At the close of all the evidence defendant requested an instructed verdict in his favor.

In Dubois v. Andrews, 57 Okla. 227, 152 Pac. 440, it was held that where a contract is made to convey land upon payment of the purchase money, the covenant to convey and

the one to pay are mutual, dependent covenants, and after the entire purchase money is due an action to recover it cannot be maintained, unless the plaintiff offers to convey or tenders a deed for the land upon full payment of the purchase price. In Miller v. McDonald, 63 Okla. 167, 163 Pac. 533, a similar question was involved, and it was there held that where a party in consideration of a certain cash payment and a certain sum to be paid within one year after date contracts to convey land upon payment of the last mentioned sum, at which time the purchaser was to execute and deliver a note and mortgage for the balance of the purchase price, the covenant to execute note and mortgage and the one to convey were mutual, dependent covenants, and the grantor was not entitled to interest upon the amount for which the note and mortgage were to be executed, unless he had complied or offered to comply with his contract by tendering a deed to the land. The principle declared in those cases is applicable to the present state of facts. Taking the plaintiff's evidence, the stock to be delivered to defendant upon payment of the note in suit, and there is no contention made that said stock was delivered or tendered, although this issue was clearly raised in the pleadings and in the evidence. The payment of the note and the delivery of the stock were necessarily mutual, dependent covenants, and the defendant was entitled to receive the stock upon payment of the note; and before plaintiff is entitled to demand payment thereof or recover a judgment thereon, it must deliver or offer to deliver the stock to the defendant. Holmes & Griggs Mfg. Co. v. Morse, 53 Hun. 58, 5 N. Y. Supp. 940; Holmes & Griggs Mfg. Co. v. Holmes & Wessell M. Co. et al., 53 Hun. 52, 5 N. Y. Supp. 937; Ocean Nat. Bank v. Fant, 50 N. Y. 474.

For the reasons stated, the judgment is reversed and the cause remanded.

All the Justices concur, except SHARP, C. J., and TURNER, J., absent.

On Rehearing.

HARDY, J. On petition for rehearing our attention is called to the fact that during the trial plaintiff tendered to defendant the certificate of stock mentioned in the original opinion upon condition that defendant pay the note, and this fact being made to appear, a majority of the court are of the opinion that the judgment appealed from should be affirmed, and the case remanded to the trial court, with directions to tax the costs which accrued prior to the tender to plaintiff, and that plaintiff recover all costs thereafter accruing. The writer thinks that inasmuch as this was not called to our attention on the

original submission, and appears to be an afterthought on the part of counsel, that they should not now be permitted to avail themselves of the tender. Ordinarily when a tender is a condition precedent to a right of action, as I think is the case here, such tender must in fact be made before the commencement of the action, and must be pleaded and proved at the trial. Plaintiff did not do this.

The original opinion is modified, and the judgment is affirmed, and the cause remanded to the trial court, with directions to tax all costs accruing prior to the tender against plaintiff, and to award plaintiff all costs accruing thereafter.

All the Justices concur.