W. A. GARDNER & COMPANY, Plaintiff, *v.* RICHARD L. SAMUEL, Defendant.

Supreme Court, Erie County, November 18, 1931.

*Gibson Gardner*, for the plaintiff.

*Elijah W. Holt*, for the defendant.

HORTON, J. This is an action by a stockbroking corporation to recover moneys advanced by it in the purchase of stock which was tendered to its principal who refused to accept same. The jury rendered a verdict for the amount advanced by plaintiff. Defendant moves to set aside this verdict because plaintiff failed

to produce and deliver to the court upon the trial the certificate for the stock for which recovery was had and urges that since the plaintiff still has the collateral which it may negotiate it should not recover the debt and yet be left free to negotiate this collateral for its own benefit.

The cases cited by defendant (*Jenkins* v. *Conklin*, 146 App. Div. 301; *Ocean National Bank* v. *Fant*, 50 N. Y. 474; *Holmes & Griggs Manufacturing Co.* v. *Morse*, 53 Hun, 58) hold that this certificate should have been produced at the trial.

However, the point that the stock certificate was not in court was not raised by defendant upon the trial. His nearest approach to calling attention to this was in his request to charge: " On the evidence in the case the jury cannot find that the plaintiffs are now able to deliver the stock sued for in this case." Neither the court nor counsel interpreted this as referring to the failure to produce the certificate for surrender at the trial. The evidence was that it was in the custody of plaintiff's agent in New York and could have been obtained by plaintiff on request by telegraph. If the question now raised had been presented to the court at that time, it would, if necessary, have recessed the case in order to have given the plaintiff the opportunity to produce the stock. Under these circumstances the point cannot now be taken advantage of. (See *Shotwell* v. *Mali*, 38 Barb. 445, 469.)

Motion to set aside verdict denied.