Conlew, Inc., Appellant, *v.* Serenus L. Newman, Respondent.

First Department, April 6, 1934.

Robert E. Shortall of counsel [*Leonard G. Bisco* with him on the brief; *Newman & Bisco*, attorneys], for the appellant.

No appearance for the respondent.

Glennon, J. The plaintiff appeals from a judgment directed in its favor for $20,120.33. It claims that the sum of $23,588.87 allowed to the defendant on his counterclaim should have been added to the judgment rendered in plaintiff's favor.

The action is by the assignee on two notes signed by the defendant, Serenus L. Newman. The facts as to which the parties are agreed are as follows:

On March 16, 1931, the defendant duly made his promissory note, due thirty days after date, for $23,700.

On March 16, 1931, the defendant duly made his promissory collateral note, due thirty days after date, for $19,000.

Both notes were renewal notes, duly delivered by the defendant to Manufacturers Trust Company, and duly assigned by said Manufacturers Trust Company to the plaintiff.

The collateral consisted of the securities listed in the collateral note.

On April 16, 1931, the date of maturity of the two notes, there

was due and owing from the defendant to Manufacturers Trust Company the sum of $42,700, plus interest in the amount of $1,009.20, making a total of $43,709.20.

The collateral was not sold by said Manufacturers Trust Company but was tendered to defendant by the plaintiff in court at the trial.

At the trial the parties agreed that the only issue in dispute was whether or not the collateral should have been sold on April 16, 1931, and the proceeds credited to the defendant's account. The plaintiff claimed that there was no such agreement. The defendant, however, contended that the agreement was made, and asserted that he was entitled to credit for the market value of the security as of April 16, 1931.

We believe that the points made by plaintiff on this appeal are substantial. It is unnecessary to review them at length, since the respondent has not seen fit to submit a brief in opposition. The record indicates that the defendant failed to prove that plaintiff's assignor had ever made an agreement to sell the collateral on April 16, 1931. In his answer he claimed that the alleged agreement to sell was made " prior to the time of the giving of the notes." In his bill of particulars he fixed the date as of February, 1929, more than two years before the notes in suit were given. At the trial the defendant's answer was amended to show that the agreement was made in April, 1931. In his testimony he fixed the time in "April when the note was due." He was asked: " Q. When for the first time did you tell them to sell the stock? " He answered, " I told them to sell the stock in April. * * * In April after the note was due."

The assignor, the pledgee of the notes, was under no duty to sell the collateral security even though it was instructed to do so by the defendant. Under the terms of the collateral note, the assignor had the option either to sell the collateral upon defendant's failure to pay the notes or to retain it until the defendant redeemed it. In *National Bank of Rochester* v. *Erion-Haines Realty Co.* (213 App. Div. 54) Presiding Justice HUBBS said, in part: " The plaintiff has the right to maintain the action as against the maker of the note without demanding payment and offering to surrender the collateral. (*De Cordova* v. *Barnum*, 130 N. Y. 615; *Field* v. *Sibley*, 74 App. Div. 81; affd., 174 N. Y. 514; *Jenkins* v. *Conklin*, 146 App. Div. 301; *Spencer* v. *Drake*, 84 id. 272; *First National Bank of Seattle* v. *Gidden*, 175 id. 563; affd., on opinion in App. Div. 225 N. Y. 698.)" Furthermore, it was provided in the collateral note that no waiver by the bank of any of the terms was to be valid unless the waiver was in writing, signed by the bank. The defendant

at no time claimed that there was an agreement in writing signed by the assignor.

For the reasons assigned herein, the judgment rendered in favor of plaintiff should be modified by increasing it to the sum of $43,709.20, with interest from November 19, 1931, and as so modified affirmed, with costs to the appellant.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment modified by increasing said judgment to the sum of $43,709.20, with interest from November 19, 1931, and as so modified affirmed, with costs to the appellant.