■ M. LOWENSTEIN & SONS, INC., Appellant, v. IRA WEINBAUM, Respondent.— Judgment and amended judgment unanimously reversed and vacated, on the law, with $50 costs to plaintiff-appellant, plaintiff's motion for a directed verdict in the sum of $5,036.53, with interest, granted, and judgment directed therefor in favor of plaintiff, with taxable costs and disbursements. The plaintiff, pursuant to the agreement of October 13, 1960, held 100 shares of stock in the Gillette Company, standing in defendant's name, as collateral security for the indebtedness, for which defendant was liable as surety. As pledgee of the stock, the plaintiff was entitled to receive and hold therewith as security for the indebtedness, the 200 shares of said Gillette Company stock which was issued pursuant to a 3 for 1 stock split declared in November, 1961. (*Commercial Nat. Bank* v. *National Sur. Co.,* 259 N. Y. 181; *Brightson* v. *Claflin,* 225 N. Y. 469.) The value of the said additional 200 shares of Gillette Company stock resulting from the stock split was such that if the defendant had delivered the same to the plaintiff, as he was required to do, the indebtedness would have been adequately secured. The defendant failed as a matter of law to establish his alleged defenses. The defense of fraud was premised upon the alleged false representation that if the defendant

indorsed the notes of the debtor corporation and if a stated sum as working capital were obtained and deposited in a corporate account of the debtor, the "plaintiff would extend substantial credit to [the corporation] and would request other suppliers of goods and materials to said corporation to extend credit to the said corporation so that it could fill its orders which were substantial." The representation was promissory in nature and there was no proof of an intent to defraud. (See *Sabo* v. *Delman*, 3 N Y 2d 155; *Adams* v. *Clark*, 239 N. Y. 403; *Arthur* v. *Griswold*, 55 N. Y. 400; *Solm Karen Lee Chu* v. *Ling Sun Chu*, 18 A D 2d 632, 633, affd. 14 N Y 2d 606.) Furthermore, there was no proof of reliance or deception. (See *Reno* v. *Bull*, 226 N. Y. 546, 550; *Ettlinger* v. *National Sur. Co.*, 221 N. Y. 467; *Elliott* v. *Brady*, 192 N. Y. 221; *Lasher* v. *Williamson*, 55 N. Y. 619; *Gillespie* v. *Torrance*, 25 N. Y. 306.) Finally, under the circumstances here, the alleged delay on the part of the plaintiff in liquidating the pledged collateral was not available as a defense to the plaintiff's right to recover from defendant the balance of the indebtedness owed by him. Plaintiff's delay and alleged laches were originally pleaded as affirmative defenses in the defendant's answer, but were stricken at Special Term, and there was no appeal from the order. In any event, inasmuch as the defendant, liable as surety for the indebtedness, took no action and did not at any time request the liquidation of the collateral, the plaintiff's delay in the sale of the securities "will not exonerate the [defendant] or affect his liability, notwithstanding loss may have resulted from the delay". (*Newcomb* v. *Hale*, 90 N. Y. 326; 331; see, also, *Schroeppell* v. *Shaw*, 3 N. Y. 446, 457; *Conlew, Inc.* v. *Newman*, 240 App. Div. 511.) Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.